## BRISTOW & ROSSER V. JONES.

1. If the maker of a note resides out of the State when the endorsement is made, and this fact is known to the endorsee, he cannot maintain an action against his endorser without averring some diligence to obtain the sum due from the maker.

2. If the plaintiff avers in his declaration that the maker was a non-resident when it became due, as an excuse for an omission to bring suit against him, the court will not presume that the endorsee was ignorant of the maker's place of residence.

Writ of error to the County Court of Wilcox County.

ACTION of assumpsit against Jones as the endorser of a promissory note made by one Shering, dated, 15th October, 1836. Payable 12 months after date, to Jones or bearer. The declaration contains no averment of diligence to obtain the sum due from the maker, by suit or otherwise. As an excuse for this omission, the plaintiffs allege that the maker was a non-resident of this State when the endorsement was made, and also, when the note became due, and could not be found within the State after diligent search and inquiry. The defendant demurred, and the County Court sustained the demurrer. This is now assigned as error.

JONES, for the defendant in error submitted this case.

GOLDTHWAITE, J.—In the case of Ivy v. Sanderson, (6 Porter, 420) we held that when the maker of a note was known to the endorsee, to reside without the limits of the State, when the endorsement was made, it was incumbent on him to use diligence to obtain the sum due from the maker, before he could sue the endorser. That case is decisive of this, unless we can presume, the plaintiffs were ignorant of Shering's place of residence. We think no such presumption can be made as the de-

claration admits he was a non-resident when the note was en-dorsed.   We cannot perceive how this fact could be known to them and they  remain ignorant of his true residence.

The case is not brought within the statute; nor do the aver-ments of facts supposed to exist afford a sufficient excuse for pro-ceeding against the endorser without some attempt to recover the sum due from the maker.

Let the judgment be affirmed.