Givens & Herndon v. The Western Bank of Georgia.

GIVENS AND HERNDON v. THE WESTERN BANK OF GEORGIA.

1. The time within which suits may be brought, or the mode in which they shall be instituted, relate to the remedy, and do not affect the obligation of a contract—therefore, where by the act of incorporation of a bank in Georgia, the bank was permitted to join separate endorsers in the same action, if the bank sue in this State, on a note made to it in the State of Georgia, it must bring separate suits—such being the law of this State.

2. The Courts of this State will give effect to a contract, according to the law of the place where it is to be performed, unless it violates some law of the *lex fori*, or comes in conflict with the established policy of the country; but the *remedy* is governed by the law of the *lex fori*.

3. Every indorsement is a new contract, the rights and liabilities growing out of which, are to be ascertained by the law of the place, where the endorsement is made.

Error to Benton Circuit Court.

THIS was an action instituted in the Court below by the Bank, against the defendants in error, as endorsers of a note to the following effect.

, ROME, 11 July, 1838.

Eighty-nine days after date, I promise to pay to the order of Edward Givens, three thousand and twenty-eight dollars and forty-four cents at the Western Bank of Georgia, value received.

ROBERT L. LANE.

The note was endorsed by Givens to Herndon, and by him to the plaintiff. The declaration contains six counts, to each of which there was a demurrer; which was sustained as to all the counts, except the fourth and fifth. These counts alledge, as an excuse for the failure to make a protest, and give notice of the dishonor of the note, a statute of the State of Georgia, entitled an act to incorporate the Western Bank of Georgia, with banking privileges, to be located at Rome; by which it is among other things enacted, that *no notice or protest* shall be necessary to charge any endorser, or maker of any note, or obligation, due said bank; and all makers and endorsers, or their representatives, may be embraced and sued in one action; and

no proof of notice, demand, or protest shall be necessary, or required on any trial, to authorize a recovery.

To these counts the defendants pleaded seven pleas, the first, second, fourth, sixth, and seventh of which were stricken out by the Court on motion; and on the third and fifth. which were nultiel corporation and non-assumpsit, the plaintiffs took issue, upon which the jury found a verdict in favor of the plaintiff; and the Court rendered judgment thereon.

From a bill of exceptions, taken during the trial of the cause, it appears that the plaintiff read in evidence the note sued on, and the endorsements ; the act of the State of Georgia in corporating the Western Bank of Georgia; and the act of that State, regulating the rate of interest; and also proved that the Bank commenced doing business as a bank, before the date of the note, which is the foundation of this action; which being all the evidence in the cause, the defendant's counsel asked the Court to charge the jury—

That, if they believed from the evidence, that the defendants endorsed said note in the State of Alabama, then, to entitle the plaintiff to recover, they should have shewn a demand of payment of said note of the maker, and notice of the non-payment to the defendants ; which charge the Court refused to give, as no evidence, tending to shew that fact, had been offered.

Second.—That, if the jury found from the evidence, that, if the defendants did not jointly endorse the note to plaintiff, but that Givens endorsed the note to Herndon, and the latter to the plaintiff, they should find for the defendants; which charge the Court refused to give, both because the law did not warrant such a charge, nor was there any attempt to prove, that the endorsement was joint, or that it was from one to the other.

The Court also charged the jury, that it was not material where the note was endorsed, whether in the State of Georgia or Alabama; if the note is payable at the bank, and purchased by the bank, demand, protest, or notice is unnecessary, by reason of the provision of the charter of the plaintiff dispensing therewith: to all which the defendants excepted.

Other charges were moved for by the defendants, and refused by the Court, but as the opinion of the Court does not reach them, they are omitted.

Givens & Herndon v. The Western Bank of Georgia.

The plaintiffs made many assignments of error, only two of which need be noticed.

1. The Court erred in overruling the demurrer to the fourth and fifth counts of the declaration.

2. The Court erred in refusing to give the charges asked for, and in the charges given.

Moore, for plaintiff in error, cited 2 Cowens' Rep. 626 ; 2 Lord Raymond, 1532 ; 4 John. Chan. 370 ; 6 Cranch, 22 ; 12 Johnsons, 142 ; 3 Mass. 77 ; 13 ibid, 153 ; 1 Cowen, 103 ; 4 ibid, 508 ; 9 Porter, 10 ; Aik. Dig. 329, sec. 11.

J. Cochran, contra, cited Story's Con. of Laws, 217.

ORMOND, J.—The principal question arising on this record, and argued at the bar, is, whether the defendants, who were separate endorsers, can be sued jointly. The affirmative of this proposition is maintained by the counsel for the plaintiffs in error, in virtue of a law of Georgia, by which the Western Bank of Georgia, the plaintiff in this action, was incorporated.

The statute is averred in the declaration, as an excuse for the failure to make demand and give notice ; and as authority thus to sue; and was also given in evidence. That portion of it which is material to the present enquiry, is to the following effect, " no notice or protest shall be necessary to charge any maker, or endorser of any note, or obligation due said bank, and all makers or endorsers, or their representatives, may be embraced and sued in one action, and no proof of notice, demand, or protest, shall be necessary, or required on any trial, to authorize a recovery."

The counsel for the bank insists, that every one who contracts with the Western Bank of Georgia, submits to be governed by the laws, usages and customs of that Bank; and that by consequence, the defendants, although residing in Alabama, have contracted that their liability should depend on those laws, and usages, and not on the law of this State.

We do not think that any construction which could be put on the Georgia statute, can affect the question to be decided on this point, as it must depend on our own laws. The act however, does not contemplate, that all the indorsements on a note

or bill, shall be considered *joint* undertakings; but that the maker and endorsers may be *embraced* in the same action. The obvious design of the act was not to change the character of the contract, by making that joint, which was several; but to give the bank a right to sue all the parties to the note in one action.

The time within which suits shall be brought, and the mode in which they shall be instituted, relates to the remedy, and does not affect the obligation of a contract. It is too obvious to require argument, that the power to sue one or more endorsers in the same action, can not affect the debt or duty to be enforced by the suit. If then these endorsements had been made in the State of Georgia, as the right to sue both endorsers in the same action, is no part of the obligation of the contract, they cannot both be embraced in the same action in this State. The citizens of other States who sue in our Court, must be governed by the rules we have adopted for the government of our own citizens. It has never been supposed, that the forms by which a contract would be enforced in the county in which it is made; follow it in another county, in which it may be sought to be enforced. The utmost that could be expected, would be that such tribunal would give effect to the contract, according to the law of the place, where it was to have been performed, unless it violates some law of the *lex fori*, or comes in conflict with the established policy of the country.

It follows that if the endorsements were made in the State of Georgia, when the endorsers are sued in this State, they must be sued separately, unless the indorsements were joint in point of fact, which is not the case here; and therefore the demurrer to the fourth and fifth counts should have been sustained.

The Court also erred in the charge to the jury, that it was not material whether the endorsements were made in Georgia or Alabama, if the note was payable to the Western Bank of Georgia, and purchased by the bank; that in either case, the endorser would be liable, without protest, demand, or notice. Every endorsement of a note or bill, is a separate and independant contract; the liabilities growing out of which, are to

be ascertained and measured by the law of the place, where the endorsement is made. This precise question is examined at length by this Court in the case of Hancock v. Andrews, 9th Porter, first case to which reference is made, for the reason on which the rule is founded, and the authorities by which it is supported.

The charge therefore, as it assumed, that if the endorsements were made in this State, that the endorsers were liable without proof of demand of the maker, and notice of the dishonor of the note to the endorsers was erroneous.

The questions considered, being decisive of this case, we have not thought it necessary to examine the other questions raised on the record, and commented on at the bar. Let the judgment be reversed.