## HALL v. CHILTON & McCAMPBELL.

1. The transfer of a note by the assignment of the payee jointly with one who is a stranger to the note, does not convey the legal title, and therefore not within the statute of 1828, to define the liability of endorsers, but is an affirmation or warranty that the note may be collected of the maker by due diligence. What would constitute such diligence, would be a question of fact, under all the circumstances of the case, for the jury.

2. A declaration on such an assignment in a suit against the assignors, which averred that when the note became due and payable, diligent search and enquiry was made after the maker in the county and State, which was his ordinary

place of residence, to present the note for payment, but that he could not be found, and that his place of residence was unknown to the plaintiffs, and that suit was commenced against him to the first Court to which he could be sued, but that he could not be found—held sufficient.

Error to the Circuit Court of Benton.

THIS was an action of assumpsit in the Court below, by the plaintiff in error, against the defendants in error.

The declaration, in substance alleges, that one Charles S. Lewis, on the 1st September, 1838, made his promissory note, by which he promised to pay to the defendant, R. R. Chilton, or bearer, five hundred and fifty dollars, on the first of January, 1840, with interest from the date. That afterwards Rezin R. Chilton, on the 12th February, 1839, by the style and description of R. R. Chilton & J. A. McCampbell, assigned the said note to the plaintiff. The plaintiff then avers, that when the note became due and payable, diligent search and inquiry was made after the said Charles S. Lewis, at, to wit, in the county and State, which was his ordinary place of residence, for presentment and payment, and that his place of residence was unknown to the plaintiffs.

He further avers that a suit was commenced on the note against Lewis, to the first Court to which suit could be brought, but that he was not found, of all which the defendants had notice, &c. whereby, &c.

There was also a count for money paid.

The defendants demurred to the first count of the declaration, which was sustained by the Court. No notice appears to have been taken of the second count, but judgment final was rendered against the plaintiffs, from which he prosecutes this writ, and assigns for error, the judgment of the Court on the demurrer.

Wm. B. Martin, for the plaintiff in error.

ORMOND, J.—Since the passage of the act of 1828, declaring and defining the liability of assignors of instruments not mercantile in their character, the question has been several times before this Court, and several exceptions have been engrafted on the law, as necessarily growing out of it. Thus in Woodcock v. Campbell, 2 Porter 456, where the maker mov-

ed out of the State, after the transfer of the note, it was held, that to charge the assignor it was necessary to sue the maker in the State to which he removed.

In Ivey v. Sanderson, 6 Porter, 420, the maker resided beyond the limits of the State, at the time of the assignment, and this Court held, that no recovery could be had against the assignor without an effort to recover of the maker by suit, if, as appeared in that case, the maker was solvent—and that these facts were known to the assignee at the time of the assignment. The principle of this case was affirmed in the case of Bristow & Roper v. Jones, 1 Ala. Rep. 159.

The law as above stated, is applicable to those cases where there is a regular assignment, transferring the legal title to the instrument assigned. The assignment of the note in this case, as described in the declaration, was jointly made by the plaintiffs, but as Campbell was neither payee nor assignee of the note, he could not regularly assign it so as to convey the legal title either alone or jointly with the payee.

In the case of Jordan v. Garnett, at the present term, we considered, at some length, the effect of irregular assignments like the present, and we held that such an indorsement not conveying the legal title to the instrument, was not within the statute of 1828, but was an affirmation or warranty, that the note could be collected of the maker by due diligence—that what would constitute such diligence, would be a question of fact, to be determined by the jury, under all the circumstances of the case:—that by analogy, to the diligence required to charge an assignor under the statute, if no valid excuse existed, such as the insolvency of the maker or absence from the State, suit must be brought to the first term of the Court to which suit could be brought.

In this case, it does not appear, except by the venue, where the maker resided at the time of the assignment; nor does it appear where he lived at the time the suit was brought, but the declaration avers that when the note became due and payable, diligent search and inquiry was made after the maker, in the county and State, which was his ordinary place of residence, to present the note for payment, but that he could not be found, and that his place of residence was unknown to the plaintiffs. It is further averred, that a suit was commenced against him

to the first Court to which he could be sued, and that he was not found.

We are satisfied that this was sufficient diligence to entitle the plaintiff to recover. There was no necessity to present the note for payment, but diligent inquiry should have been made of the maker's residence, in order to the institution of a suit, if he resided within the State, unless entirely insolvent.

It results from what has been said, that upon proof of the allegations in the declaration, the plaintiff would be entitled to recover unless the defendants should show by proof, a different case from that stated in the declaration. Let the judgment be reversed and the cause remanded.