# HOWZE, PLUMMER & CO. v. PERKINS, HOPKINS & WHITE.

1. Although a note is payable in the city of New York, yet if made and endorsed in this State, in an action against the endorser, the declaration must aver a suit against the maker, and return of no property found as the statute requires, or a sufficient excuse for not bringing such suit.

ERROR to the Circuit Court of Perry.

This was an action of assumpsit, by the defendants in error as endorsees against the plaintiffs in error, as endorsers of a promissory note made by King, Upson & Co. for $2,442 44.

The declaration charges the making of the note "in the State of New York, at to wit, in the county aforesaid," and that the makers " thereby and then and there promised to pay to the order of the said defendants, six months after the date of said note, at the office of Perkins, Hopkins & White, 126, Pearl street, New York, (meaning the city of New York in the State of New York,) twenty-four hundred and forty-two dollars forty-four cents; and the said defendants *then and there* endorsed the said note," &c.

The declaration proceeds to charge that at the maturity of the note, it was presented for payment at the place where it was payable, and that payment not being made, due notice thereof was given to the defendants, &c.

To this declaration there was a demurrer, which was overruled by the court, and the defendants pleading over, the jury found a verdict for the plaintiffs, upon which the court rendered judgment.

From a bill of exceptions, it appears that it was proved on the trial, that the note mentioned in the declaration was made by King, Upson & Co., in the State of Alabama, and also endorsed by the defendants in this State, whereupon the defendants counsel moved the court to instruct the jury, that unless suit had been brought against the makers of the note to the first court to which suit could have been brought, and an execution returned no property found, that the plaintiffs could not recover in this action; which instruction the court refused to give, but instructed the jury, that if demand had been duly and regularly made of said makers of said note, and regular notice given to the defendants of the failure to pay, it was sufficient to fix their liability. To all which the defendants excepted.

It was also in proof, that the house at which the note on its face was made payable, was a house in the city and State of New York, and that such instruments were negotiable by the law merchant in that State.

The assignments of error, are,

1st. The judgment of the court on the demurrer.

2d. The matter of the bill of exceptions.

GRAHAM, for the plaintiffs in error, insisted the declaration was not good against an endorser, under the statute of this State; that it should have averred either a compliance with the law of this State, by suit against the maker, or an excuse for not doing so, by an averment that the endorsement was made out of the State. The statement that the defendants "*then and there*" endorsed the note, he insisted had reference to the venue laid in the declaration, and not to the preceding averments.

But if wrong in that, he contended that as the evidence showed that the endorsement was made in this State, the law of the State must govern as to the diligence to be employed to charge the endorsers. He cited Story's Con. of Law, 262, § 316; 2 Kent's Com. 460; 5 Stew. & Por. 276; 9 Porter, 9; 1 Ala. 527; 2 ib. 397.

EDWARDS, *contra,* maintained, that as it did not appear from the bill of exceptions that the makers resided within this State, so that suit could be brought against them; it was not shown that the judgment was erroneous. That there was no evidence that the second endorsees had any knowledge that the first endorsement was made in this State, and that there must be many cases, notwithstanding our statute, as to the mode of charging endorsers, in which an endorser would be liable, without a suit against the maker.

That the contract of the makers, was to be governed by the place of performance, and that the endorsement may be made with reference to the place of payment of the note. He cited 2 Porter, 462; 5 Stew. & Por. 276; 9 Porter, 26; 2 Ala. Rep. 400; 13 Peters, 78; 2 Kent's Com. 459; 1 Ala. Rep. 527.

ORMOND, J.—It is well settled, that every endorsement is a new and substantive contract, governed by the law of the place where it is made. [Hanrick v. Andrews, 9 Porter, first case; Givens & Herndon v. The Western Bank of Georgia, 2 Ala. Rep. 397.]

To charge an endorser of an instrument, like the one described in the declaration, the statute of this State requires that the maker should be sued to the first court to which suit can be brought.

[Aik. Dig. 329.] In the exposition of this statute, it was held in Woodcock v. Campbell, 2 Porter, 456, that where the maker removed beyond the limits of this State, after the endorsement, that it was not necessary to sue him in the State to which he removed.

In Ivey v. Sanderson, [6 Porter, 420,] where the assignee took the paper at the time of the assignment, with a knowledge that the maker lived beyond the limits of the State, it was held that he could not recover of the assignor, without showing that he had employed proper diligence to recover the money from the maker, or that he was insolvent. To the same effect, is the case Bristow & Roper v. Jones, [1 Ala. Rep. 159.]

In this case, it does not appear from the record, where the makers reside, or if non-residents, whether they were so at the time the endorsement was made. Be the fact, however, of the residence of the makers of the note, as it may, when it was shown by proof, that the endorsement was made in this State, there could be no recovery on the declaration filed in the cause, as it neither averred a performance of those acts which are necessary to charge an endorser of an instrument of this character, or any excuse for failing to comply with the requirements of the statute.

The fact that the note was payable at a place beyond the limits of the State, does not vary the liability of the endorser, or supersede the necessity for the exercise of that diligence which the statute requires, to charge the endorser, if the maker resides within the State, and if resident beyond the State, the fact should have been specially averred as an excuse for the omission of the diligence exacted by the statute.

Nor is the case varied by the fact, that by the contract of the makers, the note is payable in the city of New York, and is there regarded as mercantile paper. The contract of the endorser is not to pay in the city of New York, but is a conditional undertaking to pay in Alabama, if the maker does not discharge the note, proper diligence having been employed to obtain the money from the maker. What shall constitute that diligence is regulated by statute, which declares that bills of exchange and promissory notes, payable in bank, shall be governed by the rules of the law merchant—that all other contracts for the payment of money, &c., shall be assignable as heretofore; that notice of non-payment shall be required only on bills of exchange, and notes payable in

37

bank, and that the endorser of paper, not mercantile under the act, shall be liable only where the maker is sued to the first court to which suit can be brought, and prosecuted to a return of "no property found." [Aik. Dig. 330.] The Legislature, by this act, has defined the liability of endorsers, and declared what class of instruments shall be considered as mercantile, and it would defeat the very object it had in view in the passage of the act, if the contract of the endorser was to depend on the character affixed to the endorsed instrument by the law of another State.

The court, therefore, erred in its charge to the jury, that the defendant was responsible on his endorsement on demand being made and notice given of the refusal of the makers to pay.

These views render it unnecessary to consider the propriety of the judgment of the court, on the demurrer to the declaration. If, as contended by the counsel for defendant in error, its true meaning is that the endorsement was made out of this State, and in the State of New York, it was contradicted by the proof, and the defendants below were entitled to a verdict; if, on the other hand, it showed that the endorsement was made in this State, it was bad because it did not aver the proper diligence as required by the statute, or show any excuse for not doing so.

Let the judgment be reversed, and the cause remanded.