## FULFORD v. JOHNSON, HENDON & CO.

1. An irregular indorsement on paper, not negotiable, is not embraced by the act of 1828, and the liability thereby created is, that the indorser will pay it, if, by the use of proper diligence, the money cannot be collected from the maker.

2. The question of diligence, in the case of an irregular indorsement of non-negotiable paper, is for the jury; but to constitute such diligence as will bind the indorser, the maker must be sued to the first court after the maturity of the paper, unless it is dispensed with by the insolvency of the maker, or some such valid reason.

3. When the note of a third person is assigned by an irregular indorsement, in consideration of a pre-existing debt, due from the indorser to the indorsee, the plaintiff, whether he sues on the indorsement, or the pre-existing debt, is equally bound to show proper diligence in endeavoring to collect the note from the maker.

4. Where a plaintiff sues the indorser, on his indorsement of a promissory note, his right to recover cannot be made out by proof of a fraudulent concealment, or misrepresentation by the indorser, of the maker's ability to pay.

5. An averment in a declaration on an irregular indorsement, that suit was commenced against the maker, "in the county, where he ordinarily resided, but that he could not, on diligent search and inquiry, there, and elsewhere, in said State, be found," is not an averment of such diligence as will charge the indorser.

6. An averment in a declaration on an irregular indorsement, that the maker was at the time of the indorsement of the note, and has continued since,

a non-resident, and that the fact of his non-residence was at the time unknown to the plaintiff, is an insufficient averment to charge the indorser.

7. Where the note of a third person is indorsed, and delivered in absolute payment of a pre-existing debt, an action cannot be maintained on the original debt, but the remedy of the creditor is on the indorsement alone, unless the transfer of the note is affected with fraud, or misrepresentation as to the solvency of the maker.

8. Whether, or not, the transfer of a note, in consideration of a pre-existing debt, is an absolute payment, is a question of fact, to be determined by the jury.

9. If a note for more than $50, is indorsed and delivered by the holder to a third person, suit must be brought against the maker, to the first circuit or county court, to which he can be sued, next after the maturity of the note; and if the indorsee remits a part of the demand, so as to bring it within the jurisdiction of a justice of the peace, a suit in a justice's court, though prosecuted to a return of no property, is insufficient to charge the indorser.

Error to the County Court of Marengo. Before the Hon. James A. Young, Judge.

This was an action of assumpsit, by defendants, against the plaintiff in error, as the irregular indorser of a note, made by one Taylor, on the 1st February, 1842, for $50, in favor of Edward J. Rew, payable on the 1st day of March next after date. The common counts were added to the declaration, which contains four special counts on the indorsement. The first count, after setting out the making and indorsing of the note, avers, "that afterwards, to wit, &c. in the county of Greene, in the State aforesaid, where the said Taylor then ordinarily resided, suit was commenced upon said note, against the said Taylor, but that the said Taylor could not, on diligent search and inquiry there, and elsewhere in said State, be found, nor has he at any time paid said note, or any part thereof, whereby," &c. The second count avers, "that in the county of Marengo, and elsewhere in the State, diligent search and inquiry were made for said Taylor, and he could not be found," &c. The third count avers, "that at the time of the making of the said last indorsement, by the said defendant, the said Taylor was, and ever since continuously has been, a non-resident of the State of Alabama, and that the same was then and there unknown to the said plain-

tiffs, or either of them, nor has the said Taylor, at any time, paid said sum of money," &c.   The fourth count avers, "that at the time of said indorsement, he was, and from thence continually has been, insolvent, and has not paid the note, or any part thereof," &c.   The defendant below demurred to each count of the declaration, and the demurrer was sustained as to the second and fourth counts, and overruled as to the others.

A bill of exceptions was sealed on the trial, from which it appears, that the indorsement of the note by defendant below, was made on the 2d of April, 1842, and that in a day or two afterwards, it was placed in the hands of a justice of the peace in Greensborough, for suit, with directions that the constable should go to Newbern with the summons, where the defendant below, at the time of the transfer of the note, told the plaintiffs below, Taylor lived, and where, upon inquiry, he could not be found: that the note was transferred in part payment of an account held by defendants against plaintiff in error, the balance of which was settled by his own note, and the account receipted, and delivered to plaintiff in error: and that an indorsement of, "all over $50 hereof is relinquished," which appeared on the back of the note, was entered by the justice, when the note was handed to him for suit.   It was not shown that Taylor had left the State, or was a non-resident, and the foregoing is, in substance, all the proof that was made.

Various charges were asked by the defendant below, one of which was, that if the sum due on the note at the time it was placed in the hands of the justice for suit, amounted to more than $50, a suit before the justice was not such a compliance with the statute, as would bind the indorser; which charge the court refused, and charged, that all that was due over $50, might be relinquished, so as to bring the case within a justice's jurisdiction; and if that was done, &c., suit then brought before the justice, it was a sufficient compliance with the statute, to hold the indorser liable.   The defendant below further asked the court to charge the jury, that the taking of the note with defendant's indorsement, and the receipting of the account, as shown by the evidence, was a payment of the account to that extent, and barred a

recovery on the original account; which charge the court refused to give, but charged the jury, that the taking of the note indorsed by defendant, was not a payment of the account to that extent, unless it was expressly agreed that it should be in payment, and that it devolved on the defendant to prove such agreement.

The several refusals to charge as asked, and the several charges given, together with the overruling of the demurrer to the first and third counts of the declaration, are now assigned as error.

VARY, for plaintiff in error.

1. The plaintiff must state with certainty, and in clear and distinct terms, all the facts that make out his right of action. 1 Ch. Pl. 214, 223, 225.—1. The first count does not show how, or in whose name, nor in what court, suit was commenced, nor does it show that suit was brought to the first court to which suit could be brought, nor what proceedings were had in the suit. 2. It was not shown that the court had jurisdiction. A suit in a court which had not jurisdiction, would not bind the indorser. The statute points out distinctly, the courts in which suit must be brought. If the sum exceeds $50, it must be brought in either the circuit or county court, if not, then before a justice of the peace.— Clay's Dig. 383, § 12, 15.

2. The suit and proceedings before the justice of the peace, as in proof, were insufficient to charge the indorser. 1. The plaintiffs could not relinquish all over $50, and sue the maker, on the balance, before a justice of the peace, and thereby hold the indorser liable. 2. The liability of the indorser, under our law, is a particular and special liability. His contract is fixed, and ascertained in its character. 8 Ala. 250. 3. His indorsement is a guaranty, that the money can be made from the maker, by a suit in a particular court; and his contract is, that if the money shall not be made in that mode, and in that suit, at its termination, he (the indorser) will pay it. His undertaking is only on condition of a suit against the maker, and also not until the time when that suit will be terminated. In the ordinary course of the law, it would be at least twelve months, when the amount due was

Fulford v. Johnson, Hendon & Co.

for more than $50, before the indorser could even be sued; and such is his liability, such his undertaking, such his contract. It may be, that the maker of the note may reside in the county, and own no property there; and yet own lands and other property, in another county. In such case, if suit were brought against him in the circuit or county court, and judgment obtained, it would be a lien on his land throughout the State, and might be the means of saving his debt. The holder of the note, has no right to deprive the indorser of this advantage, without his consent; and yet he might do it, if he were permitted to release all of the amount due on the note over $50, and sue before a justice of the peace.

3. The taking of the note, with the indorsement of the defendant, as shown by the evidence, was, to that extent and amount, a payment of the account. Trotter v. Crockett, 2 Por. 411; 21 Wend. 450; 1 Hill, 516. The cases of King v. Dougherty, 2 Stew. 487; Nibbs v. Moody, 5 S. & P. 198, have no application to this case.

BROOKS & BYRD, contra.

1. The taking from the original debtor, the note of a third person for a pre-existing debt, is no payment thereof, unless it be expressly agreed to be taken as payment, and at the risk of the creditor. Crockett v. Trotter & McGonegal, 1 Stew. & Por. 446; Lee's adm'rs v. Fontaine & Freeman, 10 Ala. 755; Owenson v. Moore, 7 Term R. 64; Muldon v. Whitlock, 1 Cowen, 306; Tobey v. Barber, 5 Johns. 68; Hoar v. Clute, 15 Ib. 224; Chastain v. Johnson, adm'r, 2 Baily, 574; Bowers v. The State, 7 Har. & Johns. 32; Clopper v. Union Bank, Ib. 92; Hart v. Boller, 15 Ser. & Rawle, 162; McGinn v. Holmes, 2 Watts, 121; Herring v. Sawyer, 3 Johns. Cas. 71; Murry v. Governeur, 2 Ib. 478; Higgins v. Packard, 2 Hall, 547; Coxe v. Hawkinson, Coxe, 85; Kennel v. Mungy, Pick. 273; Bill v. Porter, 9 Conn. 23; Putnam v. Lewis, 8 Johns. 389; Whitlock v. Van Ness, 11 Johns. 290; Bates v. Ragland, 6 Ala. 668. And the taking of the note, and giving a receipt as for so much cash, in full for the original debt, does not amount to evidence of such express agreement. Lee's adm'rs v. Fontaine & Freeman,

10 Ala. 755; Bates v. Ragland, 6 Ala. R. 668; Muldon v. Whitlock, 1 Cowen, 306, and the several cases *supra.* The agreement must be clearly and explicitly proved by the original debtor, or he will still be held liable.

2. When more than $50 is due on a contract, plaintiff may relinquish all over that sum, and sue before a justice of the peace. King v. Dougherty, 2 Stew. 487; Bond v. Nicols, 2 Por. 86; Nibbs v. Moody, 5 S. & P. 198. And if the indorsee does so, the indorser cannot complain—it can work him no injury—it is analogous to a suit against the maker, before the expiration of the time agreed upon between indorser and indorsee. 5 Ala. R. 380.

3. Due diligence was used to charge the indorser. The maker could not be found where the indorser said he resided, and he had no known place of residence in the State. No suit was therefore necessary. Roberts v. Kirkpatrick, 5 S. & P. 96.

4. The second charge asked for was correctly refused. The plaintiffs below did not rely upon any suit to charge the indorser. They relied upon facts set up in excuse, for not sueing, &c. This charge prayed was abstract; and the remaining charge asked for, is liable to same objection.

5. The demurrer to the first count in the declaration, was correctly overruled. It contains a sufficient excuse for not sueing, *&c.* But, at all events, the plaintiff in error is not injured: other counts are sufficient, and under them, he had the full benefit of his defence; and the defendants were bound to make the same proof which was necessary to recover under the first count, if it had been good. The court ought not, therefore, to reverse. Shippey et al. v. Eastwood, 9 Ala. 198; Rakes v. Pope, 7 Ib. 166; Shehan v. Hampton, 8 Ib. 942.

CHILTON, J.—In Jordan, use, &c. v. Garrett, 3 Ala. R. 610, it was held that an irregular indorsement on paper not mercantile, is not provided for by the act of 1828, and that the liability thereby created is, that the assignor is liable to pay the debt, if by the use of proper diligence, it cannot be obtained from the maker. It is also added, that the question of diligence is one of fact, to be found by the jury, but that to

constitute such diligence, the maker must be sued to the first court after the maturity of the note, unless some valid reason, such as the insolvency of the maker, excused it. This case has been repeatedly recognized since, as correctly settling the law. See Hall et al. v. McCampbell, 3 Ala. Rep. 635 ; Nesbit v. Bradford, 6 ib. 746 ; Milton v. DeYampert, 3 ib. 648 ; Bank v. Gaffney, 9 ib. 159. So also when the note of a third person is indorsed by an irregular indorsement, in consideration of a precedent debt due from the indorser to the indorsee, the plaintiff, whether he declare upon the indorsement or upon the original consideration, is equally bound to show due diligence in respect to the collection of said note, and that it still remains his property. Bates v. Ryland, 6 Ala. Rep. 673-4.

It is also settled, that where the action is brought upon the indorsement of a promissory note, the plaintiff's right to recover cannot be made out by proof of a fraudulent concealment, or misrepresentation by the indorser in respect to the ability of the maker to pay, but to make such a fraud available as a ground of action, it must be specifically declared on in a suit brought by the party defrauded. Bank v. Gaffney, 9 Ala. Rep. 153.

Applying these principles to the case before us, we shall have little difficulty in arriving at a correct conclusion in respect to the first and third counts, to which demurrers were interposed in the court below, and overruled.

The first count, after averring the indorsement of the note to the plaintiffs, continues, "and the said plaintiffs aver that afterwards, to-wit, on the day and year aforesaid, in the county of Greene, in the state aforesaid, where the said Taylor, the maker, ordinarily resided, suit was commenced upon said note against said Taylor, but the said Taylor could not, on diligent search and inquiry there and elsewhere in said state, be found ; nor hath said Taylor paid said note, &c." Does this count show the exercise of such diligence by the holders as to charge the indorser ? It does not show that the maker removed beyond the jurisdiction of the court after the note was indorsed, so as to bring the case within the principle decided in Woodcock v. Campbell, 2 Porter's Rep. 456 ; neither does it advise us as to the court in which suit was com-

menced, or what has been done in such suit, or that the defendant was insolvent. That the defendant could not be found, upon diligent search and inquiry, when the suit was first instituted, is a sufficient excuse for not proceeding to judgment at the first term at which such judgment might otherwise have been rendered, but does not excuse the party from proceeding afterwards to collect the demand, if the maker was solvent, and it could have been collected.

The third count deduces the defendant's liability on the indorsement, from the fact, that the maker, at the time of the indorsement, and since that time, to the bringing of this suit, was a non-resident of this State, which fact of non-residence, was unknown to the plaintiffs at that time. It is not pretended that the plaintiffs were defrauded, or that the defendant was under any obligation to communicate the non-residence of the maker to them. We know of no principle of law, in the absence of fraudulent or false representations as to the residence of the maker, or a suppression of the truth, which would amount to a fraud, which would authorise the plaintiff to recover, upon the isolated ground, that he did not know of the maker's non-residence. Suppose neither party knew whether or not Taylor resided without the State, but plaintiffs contracted, risking that matter, it would be going too far, to hold that the plaintiffs should not be held to any diligence to collect the note. This hypothesis is consistent with the count, as the plaintiffs do not aver that they were in any way deceived, by their want of a knowledge of the maker's residence. But if they were deceived, we have shown they must declare for the deceit, and not upon the indorsement. The Bank v. Gaffney, *supra.*

What we have said, as applicable to the counts, is a sufficient indication of our views in respect to the points raised by the bill of exceptions. The clerk of the plaintiffs, who received the note indorsed by the defendant, swears that it was received in *part payment* of the amount. The remainder of the account for which the defendant, at the time, executed his own note, has been paid, and the account was receipted, as paid, and delivered to the defendant. There being an express agreement that the note should operate as a payment, it is very clear the plaintiffs cannot recover upon the account,

unless it could be shown that the note was void, and there-fore constituted no consideration for the contract.  See the authorities collected in Lee's adm'r v. Fontaine & Freeman, 10 Ala. Rep. 755; see also Moore v. Briggs, at the present term.

The rule is, that where the note of a third person is in-dorsed and transferred as an *absolute payment* of a pre-exist-ing debt, then no action can be had on such debt, or its origi-nal consideration, and the creditor must seek his remedy on the paper so transferred, unless the note be a forgery, or fraud be committed in the transfer, by false representations as to its value, &c.   Trotter v. Crockett, 2 Porter's Rep. 401.—Whether the substituted note was intended as a payment ab-solutely, or was received as collateral, or as a conditional pay-ment, is a fact to be ascertained by the jury.   If received as a payment, absolutely, and there be no fraud, and the note creates a liability upon the maker, then the plaintiffs, being compelled to resort to the contract evidenced by the indorse-ment, must show that they have used due diligence to collect it from the maker.  This is also a question of fact for the jury, to be ascertained, subject to the rules which the law furnishes for their guidance.   If the note, adding the interest, amount to more than fifty dollars, the plaintiff must sue to the first court to which the suit could be brought, or must show that such suit would have been unavailing.   If he releases a part of the debt, and seeks his remedy in a forum not in the contem-plation of the parties at the time the contract was entered into, and which, without such release, had no jurisdiction of a suit upon the note, it is the same as though no suit had been commenced.   The law regulating the indorsement be-comes incorporated into and forms part of the contract.  This law required the plaintiffs to sue in the circuit or county court, in which event, had the party obtained a judgment, a lien co-extensive with the State, would have attached upon the lands of Taylor.   In suing before a justice, to whom they give jurisdiction by their release, they violate this im-plied stipulation in the contract of indorsement, and therefore may not make their violation of the contract, the ground for a recovery against the indorser.

Vol. 15—50

It follows, from what we have said, that the court should have charged the jury, that the proceedings had before the justice, as the same appears in proof, did not entitle the plaintiffs to recover upon the indorsement; not that the proof, having been admitted without objection, was illegal, but that it did not amount, in legal contemplation, to the exercise of due diligence.

These views are deemed sufficient to guide the primary court, in its future action upon the case. Let the judgment be reversed, and the cause be remanded.