JAMES TRABUE & Co. *v.* R. H. SHORT & Co.

A criminal action is one which is instituted in the name of the State by its proper officers, in order to obtain the public reparation of any crime or misdemeanor. This action comes under the head of penal jurisprudence.

The general rule is that the form and effect of public and private written instruments are governed by the laws of the place where they are passed or executed; unless it is expressed that they are to have effect in another country.

Every endorsement, accommodation or otherwise, is essentially an original contract, equivalent to a new note or bill, in favor of the holder and the acceptor or obligor.

The agreement or obligation of defendants as endorsers, having been entered into in Kentucky, without expressing a different place of performance, must, under the above general rule, be regulated by the law of Kentucky. The fact that the payers reside where the note is payable does not amount to such a designation of the place of performance as to take it out of the general rule. The parties, at the time of making the endorsements, were all in Kentucky, and are presumed by law to have contracted with reference to the laws of that State.

Doubtless the defendants may be sued at their domicil; but the obligation of their endorsement and the duties of the holders are governed by the laws of Kentucky, where the endorsement was made.

An amount involved being over five hundred dollars, the promise being one to pay money, must be proven by at least one credible witness and corroborating circumstances.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Hays & Adams,* for plaintiffs. *E. Wooldridge,* for defendants and appellants.

HOWELL, J. This is an action upon a note, bearing eight per cent. interest, and made in Kentucky to the order of defendants, payable at their office in New Orleans, and assigned by them in Kentucky to Cayce & Hopkins, residing there, and by the latter to plaintiffs, residing also in Kentucky. The note was duly protested at maturity and notices of dishonor given. On the trial below judgment was rendered against defendants, and they have appealed.

The defence is, that the contract of endorsement having been made in Kentucky, the liability of defendants, as endorsers, is governed by the law of that State, according to which, "a remote assignor of a note is not primarily liable to the holder; and the immediate assignor is only liable for the consideration received, with six per cent.; and the holder cannot make him liable without first prosecuting the payer with diligence; which is not shown to have been done.

The plaintiffs contend: 1. That, although the note is made and endorsed in Kentucky, yet, as the defendants, the payers thereof, had it made payable at their office in New Orleans, it is, as to themselves, domiciliated in, and is to be governed by the laws of this State, under the well settled principle that contracts made in one country, to be executed in another, are regulated by the laws of the country where they are to have effect. C. C. Article 10, p. 2; 2 Kent p. 459; 8 B. Monroe, 306; and, 2. That, even if defendants' liability is to be governed by the laws of Kentucky, they are precluded from this defence by a promise to pay, made a few days after the protest of the note.

I. The general rule is that the form and effect of public and private written instruments are governed by the laws of the place where they are passed or executed; unless it is expressed that they are to have effect in another country; and the question is presented: Does the fact that the note sued on is payable to the defendants at their office in this city, make them liable, under the laws of Louisiana, upon their endorsement made in Kentucky?

Every endorsement, accommodation or otherwise, is essentially an original contract, equivalent to a new note or bill in favor of the holder and the acceptor or obligor. 12 M. 184; 11 Wharton, 213, 341; Story on Notes, ? 155.

The agreement or obligation of defendants as endorsers having been entered into in Kentucky, without expressing a different place of performance, must, under the above general rule, be regulated by the law of Kentucky. The fact that the payers reside where the note is payable does not amount to such a designation of the place of performance as to take it out of the general rule. The parties, at the time of making the endorsements, were all in Kentucky, and are presumed by law to have contracted with reference to the laws of that State. See Story on Conflict of Laws, ? 316 b.; 6 Cranch, 221; 8 N. S. 21.

Doubtless the defendants may be sued at their domicil, but the obligation of their endorsement and the duties of the holders are governed by the law of Kentucky, where the endorsement was made. Such was the ruling in the case of *Duncan* v. *Sparrow*, 3 R. 167, which was a suit upon a note made in Louisiana and payable in Mississippi.

We are referred to the case of *Short & Co.* v. *Trabue & Co.*, 4 Metcalf Ky. R. 299, as authority, which was a suit between the same parties now before us upon a note similar in every respect to the one here, and against

which the same defences were urged; and in which it was held that Short & Co. were liable, as endorsers, under the law of Kentucky, and, consequently, judgment rendered finally in their favor, because the holders had not prosecuted the makers to insolvency with due diligence. See also 5 Ala. 286; 15 Ind. 33.

II. We think the evidence insufficient to make the defendants liable on a subsequent promise.

No unequivocal certain promise is shown. There was but one witness, and he admits there was a misunderstanding, in regard to this point, between himself and one of the defendants, in their interview, and gives what he understood the defendant to say. Such evidence is, in itself, of the weakest kind. But, in addition, as defendants were not bound on their endorsement, if sought to be held in their promise, the proof must be such as is required by law.

No objection was made to the character of the evidence; but the amount involved being over five hundred dollars, the promise being one to pay money, must be proven by at least one credible witness and corroborating circumstances. In such case, the endorsement is not a corroborating circumstance, and the record contains no other. See 7 R. 451.

It is therefore ordered, that the judgment appealed from be avoided and reversed; and that the demand of plaintiffs be dismissed without prejudice. Costs in both Courts to be paid by plaintiffs and appellants.