CHITTENDEN
*January,*
1839.

REUBEN WHEELER *v.* HORACE WHEELER.

The receiving of a part of a debt, then due, in full satisfaction, is no legal defence to an action to recover the balance.

The fact, that a similar agreement to receive a part, in full satisfaction, was made with all the creditors, without its appearing that they had been paid, or had released their debts or signed any composition deed, does not alter the case

THIS was an action of assumpsit on an *insimul computasset* for $557,05. The defendant filed the following plea, in bar :

That before the 20th day of May, 1833, when the accounting, on which the plaintiff declared was had, sundry dealings had occurred between the plaintiff and this defendant, the charges of which, on the part of the said Reuben, came down to the year 1830 and no later, and remained unliquidated, and that after that time, in consequence of certain losses by fire, this defendant became insolvent and was unable to pay the full amount of his debts, and, by reason thereof, a negotiation was entered into between this defendant and his creditors, including the said Reuben, for a partial payment of their claims, and on the 30th May, 1831, it was agreed by and between this defendant and his said creditors, including said Reuben, that this defendant should pay them the one half of their claims, in the following manner : one fourth on or before the first day of June, 1833, and one fourth part more on or before the first day of June, 1835, without interest ; and that they, the said creditors, would accept the same in satisfaction of their said claims, and, in consideration that the defendant promised the plaintiff to pay him in manner and form as above, the said Reuben promised the defendant to accept the same, in full satisfaction of his said claims ; and the defendant avers, that the said accounting on the said 20th May, 1833, was for the mere purpose of ascertaining the amount of the claim of said Reuben, on which said instalments were to be paid, and that in pursuance of said contract, this defendant, on the same 20th May, 1833, paid the plaintiff the one fourth part of his said claim, which said Reuben then and there accepted, and on the 29th day of May, 1835, the defendant paid plaintiff the other fourth part of said claim, which plaintiff accepted, and that the same were accepted and received in pursuance of

said contract, and in full satisfaction and discharge of his said claim, and that said accounting is the identical claim mentioned in said agreement, all which defendant is ready to verify—wherefore, &c.

To this plea there was a general demurrer and joinder.

The county court rendered judgment for plaintiff, and the defendant excepted.

*C. Adams,* for defendant.

We know very well that the cases on this point are contradictory, but, as was well said by Justice Van Ness, there is more nicety than good sense in them. The great point we contend for is, that parties shall be at liberty to make their own bargains, and, when fairly made, that this court shall not aid in breaking them.

In the early cases, as is apparent, the courts took the guardianship of the parties, and, in contracts for the payment of money, would not allow the plaintiff to receive less than the whole amount, *though he agreed it should be in full satisfaction.*

In *Cumber* v. *Wane,* 1 Strange, 426, the court hold this language : " as the plaintiff had a good cause of action, it " can only be extinguished by a satisfaction he agrees to ac- " cept, and it is not his agreement alone that it is sufficient, " but it must appear to the court to be a reasonable satisfac- " tion." Indeed, the early cases follow the principle thus laid down, and, in contracts for the payment of money, hold that the agreement of the party, to take less than the full sum, is void.

But some distinctions prevailed. Where a less sum was paid *before* the day, or at a *different* place, the payment was adjudged good. Pynnel's case, 5 Co. R. 117, and Coke Litt. 212, b. are to this effect. So if, instead of money, the party accepted an article, as a horse, cup, ring, &c. though it did not amount to one twentieth, it was held sufficient, for, says Littleton, the party accepted it, *in full satisfaction.*

The result seems to be this, that in one class of cases the court exercise a control over the party and avoid his contract for him, but in others allow him to make his own bargains. The influence of this principle long prevailed, and the courts struggled and endeavoured to break away from it.

It cramped and warped their decisions. This is evident in *Heathcote* v. *Crookshank*, 2 T. R. 24, though Buller manifested more liberal views. In *Fitch* v. *Sutton*, 5 East's Rep. 230, Lord Ellenborough holds on to the doctrine of guardianship, but in *Steinman* v. *Magnus*, 11 East's Rep. 390, he shakes off his prejudices and takes liberal ground.

The courts in New York seem fettered in the same way, but break over when the least excuse is offered. The case of *Watkinson* v. *Inglesby*, 5 Johns. Rep. 386, is nearly our case, and there the defence was held good. *Price* v, *Brown*, 2 Str. 691, *Henderson* v. *Moore*, 5 Cranch's Rep. 11, and *Johnston* v. *Brannan*, 5 Johns. Rep. 268, though not important cases, are on the same principle. In the case of *Howe* v. *Mackay*, 5 Pick. Rep. 44, Ch. J. Parker is reluctant to grapple with the old notions, but is careful to decide against them.

There are many cases where the plea of payment is sustained by the payment of specific articles, without evidence that they amounted to the full sum. *Buddicum* v. *Kirk*, 3 Cranch's Rep. 293, is to this effect. So, again, there are numerous cases, where compositions having been agreed on, notes taken in contravention of the composition agreement have been defeated. *Cockshot* v. *Bennett*, 2 T. R. 763, and *Lewis* v. *Jones*, 4 B. & C. Rep. 506, are of this class. The principle of these cases was recognized by this court in *Shaw* v. *Clark*, 6 Vt. Rep. 507.

The fact is indisputable, that when a specific article is paid and received in satisfaction, it is adjudged good, though the article, as Littleton says, is not one twentieth of the sum due. Thus, a fine horse shall be adjudged good payment for a thousand dollars, and yet the payment of five hundred dollars is bad. There certainly is no reason for the distinction, and it is time such absurdities were expunged. As a general rule, adults are permitted to act for themselves, to make their own contracts, and courts hold them bound, and there is no reason for any exception in the case of cash payments.

Contracts, between creditors and their debtor, to receive a part in full for the whole, are often more beneficial to the creditors than the debtor, and, beside, they stimulate the debtor to greater exertion, by the hope of rising above his

misfortunes. Creditors generally know what is best for their interests. Composition agreements are the means of appropriating promptly all the debtor's effects, and distributing them among his creditors, and without which the mass of creditors might realize nothing; They are extremely beneficial to all parties, and it savors of arrogance in courts to repudiate them; not only so, but it encourages a spirit of dishonesty in the hard creditor and paralyzes the last struggles of the debtor. The doctrine is as cruel as it is absurd, and the sooner it is abolished the better.

In the case of *Steinman* v. *Magnus*, Lord Ellenborough held the payment good, on the ground that to decide otherwise would be a fraud on the debtor's friend, who had accepted for a part. So, it will be a fraud in this case upon the other creditors of the defendant, if this plaintiff is allowed to collect his whole pay, in contravention of their mutual agreement. Is it not also a fraud upon the defendant, and is he not equally entitled to protection? The original liability of the debtor to pay the whole is admitted, but it is equally clear, that when misfortune had deprived him of the means of paying all, he had not only a legal but a moral right to make a distinction among his creditors, to exhaust his means in paying one and leave nothing for the others. But, instead of this, he distributes his means among his creditors equally, and now, after having labored on in hope, he is to be told that his creditors are not bound by their agreement, and that the courts will lend their aid once more to take his last dollar. Where might makes right, this principle may be received as the rule of law, but it cannot commend itself for its integrity or soundness, or for its encouragement of fair dealing and honest exertion.

It may be sufficient, however, for the determination of this case, to say, that composition agreements are exceptions to the general rule as laid down in English cases. The distinction was admitted in the case of *Shaw* v. *Clark*, and the learned judge, who delivered the opinion of the court, recognized the case of *Lewis* v. *Jones* as sound law. See also *Anstey* v. *Marden*, 1 N. R. 124.

*Maeck & Smalley*, for plaintiff.

The defendant, by his plea in bar, admits the plaintiff's

CHITTENDEN,
*January,*
1839.

Wheeler
*v.*
Wheeler.

CHITTENDEN,
January,
1839.

Wheeler
v.
Wheeler.

debt is not satisfied by actual payment to the full amount, but he insists that the matter set forth in his bar does in law discharge him from further payment.

That payment of part of a debt is no legal satisfaction of the whole debt, though the creditor agreed to receive it in full satisfaction and actually discharged the whole debt by writing, not under seal, is too well settled law to need the aid of authority to support it. Chitty on Con. p. 277. *Cumber* v. *Wane*, Strange, 426. *Fitch* v. *Sutton*, 5 East's Rep. 230.

The above rule is founded in the strongest equity. The debtor is not only under a legal obligation, but he is also under the strongest moral obligation, to pay his just creditor the full amount of his debt. Before the court will break over a rule of law thus long established, and resting upon such a foundation, they must be satisfied beyond a reasonable doubt that the matter set forth in defendant's plea forms an exception to the rule. It is not to be denied, that under the English bankrupt laws, and, in certain cases, by composition between the debtor and creditor, the debtor may be discharged without fully paying the whole debt of the creditor. But, in the first class, the discharge was made effectual by statute, and to make it effectual where it rests on the private arrangements between the debtor, there must enter into the arrangements one or the other of the following ingredients :

1. If the release is under seal, then, by force of another rule, it is effectual to discharge the debt, though it was not paid in full. Composition deeds are under seal, and, therefore, when complied with, do discharge the debt.

2. The agreement has sometimes been held binding on the creditor, though he is not paid in full, where the debtor surrenders up, for the benefit of his creditors, all his then property. As the debtor entirely strips himself for the purpose of his discharge, the court have sometimes held the defence good. Depending on this principle were the cases of *Cockshot* v. *Bennett*, 2 T. R. 763. *Butler* v. *Rhodes*, 1 Esp. Rep. 236.

3. Where some third person, by reason of the creditors consenting to discharge the debtor for less than the amount

of the debt, has become surety for the amount, the creditors CHITTENDEN, have consented to receive a part of the amount. There the January, 1839. creditor has been held to his agreement, as it would operate as a fraud upon a third person, to permit him to recover. The Wheeler case of *Steinman et al.* v. *Magnus*, 2 Camp. R. 124, and re-v. ported also in Error, 11 East's R. 390, *Le Page* v. *McRea*, 1 Wheeler. Wendell's R. 164. *Boyd* v. *Hitchcock*, 20 Johns.R.76. *Bradley* v. *Gregory* 2 Camp. R. 383, and divers others were ruled on this principle.

The present case, it will be seen, comes within neither of those exceptions. The agreement was not under seal, the debtor did not deliver over any portion of his property to the creditors, or to a trustee for their benefit, nor did any third person step in and become responsible for any portion of the debt in consideration of the creditors relinquishing the residue. The agreement, then, was entirely destitute of consideration, and a mere *nudum pactum*. *Lynn et al.* v. *Bruce*, 2 H. Bl. R. 317. *Heathcote* v. *Crookshanks*, 2 Term R. 24, is a case precisely similar, where it was held that the creditor was not bound by the agreement. See further *Pynnel's* case, 5 R. 117, where it was held, "that by no possibility a lesser sum, " though accepted by the creditor, can by any intendment be " pleaded as a satisfaction of a greater." There must, as said by Lord Ellenborough in *Fitch* v. *Sutton*, and *Steinman* v. *Magnus*, above cited, be some consideration for the relinquishment of the party's claims, something collateral to show a possibility of benefit to the party relinquishing, or the agreement is *nudum pactum*.

There is nothing in the case, so far as the defendant is concerned, that shows any consideration for the relinquishment of the residue. But it may be contended, that it would be a fraud upon other creditors to permit the plaintiff to recover, as they have acted, as it will be said, and discharged their debts on receiving part satisfaction on the faith of plaintiff's agreement. We insist, that where the agreement is not under seal, no case can be found where the circumstance, that it would operate as a fraud upon other creditors, has alone been held sufficient to maintain the defence. *Heathcote* v. *Crookshanks*, is a decided authority against it. Wherever it has been relied upon at all, it is in those cases only where the creditor was active in procuring others to come into the

arrangement, and where the other creditors have actually discharged the debtors, under seal, so that they cannot collect the residue. But here no creditor has been discharged, and all may collect. The plea, then, in order to bring this case within the range of any decision where the operation of the rule, we have supposed, would have the slightest bearing, should have alleged, *that other creditors of the defendant were, by reason of plaintiff's agreement, induced to come to the same composition, did come to the same composition, and had actually discharged their debts on receiving the composition.* For if they have not discharged, they may still recover ; and as fraud and damage must both concur to entitle the plaintiff to maintain an action, so they must also concur to make out that defence, which will avail a defendant when he puts his defence on the ground of fraud.

The plea should have also averred, that defendant had paid and satisfied the other creditors, for if he has not paid them it is clear they may sustain the action and recover the full amount, and if they do, there is no need of establishing such a rule to protect them. *Walker et al.* v. *Seaborne*, 1 Taunt. R. 525. *Wigglesworth* v. *White*, 2 C. L. R. 363.

The opinion of the court was delivered by

COLLAMER, J.—It is not every agreement, however deliberately made, by persons capable to contract, which the law will enforce ; nor is it true that the courts of common law have ever taken their suitors under guardianship to set aside contracts, merely because imprudently made. There is one ingredient always necessary, that is, *a legal and sufficient consideration.* Without this, contracts, executed or executory, are always disregarded by courts, unless thereby innocent third persons would be injured or defrauded. The performance of that, to which a man is already under obligation, can never constitute a consideration for any contract by the other party. The promise by a debtor to pay a debt, which he is then under legal obligation to pay, creates no new duty and can sustain no action, nor constitute the consideration of a promise by the other party. The payment of a debt, by a man then bound to pay, creates no legal obligation on the other party, nor constitutes a consideration for any new promise by him. These principles, in various

forms of practical application, have always been regarded by the courts; nor can any adjudged case be found where they have been violated.    It is on this principle that it was early, and has been uniformly, holden that a payment of part of a debt, by the debtor, when the whole is due, is not and cannot, by possibility, be a legal consideration for a contract, on the part of the creditor, to receive it in full satisfaction of the whole debt.    The payment of a debt, or any part of a debt, before it is due, is what the debtor is not under any legal obligation to do, and therefore is a legal consideration for a contract by the creditor, which contract may be to release or cancel his debt, as well as any other contract.    So, too, the delivery of a collateral article, for a debt due in money, is what the debtor is under no obligation to do, and therefore may be a legal consideration for a contract by the creditor to receive it in full satisfaction, as well as for any other promise he might make.

<div style="float:right">CHITTENDEN,<br>January,<br>1839.<br><hr>Wheeler<br>v.<br>Wheeler.</div>

This has been so often decided, as appears even by the authorities cited by the defendant, that it is entirely unnecessary to repeat them.

It is, however, insisted by the defendant, that there are decisions, cited by him, that contradict or overrule this principle.    This however, on examination, will be found incorrect.    Those cases which, at first view, seem to favor such a position, may be arranged under these heads:

First.    If a debtor, by agreement, delivers to his creditors or to a trustee for them, debts, effects or any collateral property, whether it be the whole or part of what he has, and it be received in satisfaction, it is a good defence.    This is like delivering collateral property to a single creditor on a sole debt.    It is doing what the debtor is not under legal obligation to do, and it may be the legal consideration for a contract of discharge or any other contract by the other party.    This disposes of several decisions.

Second.    If a debtor contracts with one or all of his creditors to procure a friend to secure or pay, out of his own means, part, in satisfaction of a whole debt, and it is done, such creditor can never recover more, even of the debtor himself.    It would be a fraud on the third person who paid for

the entire release ; and the debtor did what he was not under a legal obligation to do, in procuring the act of the third person, which was a legal consideration for the promise on the other part. This disposes of another class of decisions, relied on by the defendant.

Third. If a composition *deed* has been entered into by a body of creditors and their debtor, by which they agree to receive, and do receive, in money or effects, from the debtor, or in securities from his friends, a part for the whole debts, there, no one who agreed to the composition can collect a balance, because it would operate a fraud on the other creditors who stipulate for a mutuality and have *released* their debts. The deed being a specialty under seal, is a technical release. Such are a large class of the defendant's cases.

Fourth. If any creditor, professes to enter into a composion deed with others on terms of mutuality, and so induces them to release, when he in fact secretly takes security for more ; all such securities, by whomsoever given, are void, being in bad faith and a fraud upon others. This is, however, only so, when others have actually *released* their debts. This disposes of all the remainder of the defendant's cases, cited in authority.

In the present case, the defendant did not deliver to the plaintiff or to his creditors, or to any trustee for them, his debts or effects, or any part thereof. He did not procure any third person to give security or to pay any thing. No composition deed has been signed by any one. Nothing has been paid to any creditor, nor any release by them signed, and they may collect their whole debts. For the plaintiff to recover his just debt can therefore operate no fraud on any creditor or any third person. This plea stands upon the simple question, whether the payment, by a debtor, of a part of a debt, when he is bound to pay the whole, can be a legal consideration for a promise, on the part of the creditor, to receive it in full satisfaction. That such could not be the case anciently is certain, and is fully conceded by the defendant's counsel. Let us see the language of the courts in some of the most modern cases, where the subject has

been fully revised and considered. In *Fitch* v. *Sutton*, 5 East's Rep. 230, where the defendant had compounded with his creditors, and paid all, including the plaintiff, ten shillings in the pound, and the plaintiff had given therefor his receipt in full, Lord Ellenborough says, " *it cannot be pre-* " *tended that a receipt of part only, though expressed to be* " *in full of all demands, must have the same operation as* " *a release.* It is impossible to contend, that acceptance of " seventeen pounds ten shillings is an extinguishment of a " debt of fifty pounds. *There must be consideration* for " the relinquishment of the residue ; something collateral, to " show a possibility of advantage to the party relinquishing " his further claim, otherwise the agreement is *nudum pac-* " *tum.*" And, he says, the doctrine of Pynnel's case, 5 Rep. 117, has never been shaken.

In the more modern case of *Lewis* v. *Jones*, 4 B. & C. 506, where the creditor had agreed to receive five shillings on the pound for his debt, upon having the note of the debtor's father therefor, and which he received, Holroyd, J. says, " an acceptance of a smaller sum cannot be pleaded in " satisfaction of a larger. In point of law, something fur- " ther is necessary to produce that effect. But, I think, " when the plaintiff in this case *accepted the father's note,* " as a security for the payment of the composition money, " the agreement did operate as a satisfaction." Indeed, the distinctions, before mentioned, are recognized in all the cases and not one is found to sustain this plea.

<div align="center">Judgment affirmed.</div>