NICHOLAS GOODWIN & CO. v. MARVELL M. FOLLETT.

*Book Account. The effect of part payment, under contract to receive the same in full satisfaction of debt, considered.*

A payment of part of a debt, when the whole is due, is not a legal consideration for a contract, on the part of the creditor, to receive that amount in full satisfaction of the debt.

Such payment operates only as a discharge for the amount paid, and leaves the balance still due and unsatisfied, for which the creditor can sustain an action, notwithstanding he has given a receipt in full.

BOOK ACCOUNT. Judgment to account was rendered in the County Court, and an auditor was appointed, who reported the following facts:

That the plaintiffs, in September, 1851, wrote to the defendant for money, in payment of their account against him, and received from the defendant in reply, a proposition to pay seventy-five per cent. for a full discharge of the whole claim. That the plaintiffs then directed their agent, George W. Pratt, to go to the defendant's residence in Fairlee, and collect or secure their debt. That Pratt arrived at defendant's residence on the 10th day of September, 1851, and the defendant then claimed that he was unable to meet the claim; but proposed that he would pay four hundred dollars in money, and give his note for seventy-five per cent of the balance; this Pratt declined to do, and told defendant that he was not authorized to compromise the debt.

That on the 11th day of September, Pratt procured a writ upon said account, and put the same into the hands of an officer, who was unable to secure the whole debt, but attached property to an amount less than five hundred dollars; that after the attachment, the defendant proposed to give Pratt five hundred dollars in full payment and discharge of the whole claim, and Pratt, after considerable debate, consented and agreed to do so; and accordingly, on the said 11th day of September, 1851, executed and delivered to the defendant the following receipt:

"Received, West Fairlee, Sept. 11, 1851, of M. M. Follett, five "hundred dollars, in full of debts, dues, demands and costs to this "date. NICHOLAS GOODWIN & CO.

*By George W. Pratt.*"

And the defendant paid the said sum of five hundred dollars to said Pratt, and also paid the officer his fees, amounting to about two dollars. The auditor found the sum due plaintiffs to be $987,-47, if said receipt did not bar the same.

The County Court, June Term, 1852,—POLAND, J., presiding,— rendered judgment on the report for the sum reported by the auditor. To which the defendant excepted.

*J. W. D. Parker* for defendant.

I. When the plaintiffs wrote to the defendant, in Sept. 1851, for pay, the defendant's answer was, that he could pay them seventy-five per cent for a full discharge of the whole claim. Now on this, as lord Coke says, note two things: 1. Notice to plaintiffs that defendant could pay but seventy-five cents on the dollar, and that for a full discharge. 2. That with this information from defendant, plaintiffs sent Pratt " *to collect or secure the debt:* to *get the money or security.*" To secure this debt, plaintiffs, on the 11th of Sept., by their agent, Pratt, commenced a suit; the officer was unable to secure the debt—all the property of defendant, that could be reached by attachment, was less than five hundred dollars. Does anybody believe, then, Pratt had not a special authority to compromise ? If he had not, shall the plaintiffs, through his excess or abuse of authority, by a direct fraud on the defendant, take advantage of Pratt's rascality, pocket the avails, and repudiate his other acts ? It should not be so. ˙ *Hatch* v. *Taylor*, 10 N. H. 538. *Fitzsimmons* v. *Joslyn*, 21 Vt. 129.

Now the attachment being made, the property removed, and in the custody of the officer, out of the power of the defendant, it is agreed that the writ shall be abandoned; the defendant takes his property where it was left by the officer—defendant to pay the service of the writ and five hundred dollars in cash in full discharge; these things are done ; all the bills receipted—a general receipt executed by Pratt for plaintiff; this, we insist, is a new consideration—an adjustment of a disputed claim—an accord and satisfaction executed. It can be nothing else.

II. Was this such a *disputable* claim, as that the settlement of it by defendant as he did, will bring the case within the principle, that the settlement of an unliquidated demand by the parties, at an agreed sum less than set up with payment, is an accord and

satisfaction? We insist it is. 2 Greenleaf's Evidence, sect. 28.

Note to *Cumber* v. *Wane*, 1 Smith's Leading Cases, 320. *Babcock & Russell* v. *Hawkins*, 23 Vt. 561. *Mc Glynn* v. *Billings*, 16 Vt. 329. *McDaniels* v. *Lapham et al.*, 21 Vt. 222.

III. Was the acceptance by the plaintiffs, through their agent, Pratt, of the sum so paid by the defendant to said Pratt, and when received, the retention of the same by them, after being informed by Pratt of what he had done, such a ratification of Pratt's acts as binds the plaintiffs? So we claim. Smith's Mercantile Law 114, chap. 5, sect. 4. Story on Agency, sect. 250, *et seq.* 2 Greenleaf's Evidence, sect. 66. 1 Am. Leading Cases 588, *Culver* v. *Ashley*, note 591, 592, 593. *Bigelow et al.* v. *Denison*, 23 Vt. 564. *Johnson* v. *Jones*, U. S. Law Mag. Feb'y, No. 1850, 127.

*A. Howard* and *P. Dillingham* for plaintiffs.

I. The plaintiff's agent was not authorized to discharge this debt on the payment of a less sum than the full amount.

The auditor finds, that the plaintiffs directed him to go to defendant's residence, *collect or secure* the *debt*, to get the *money* or *security*. Mr. Pratt told the defendant he was not authorized to compromise the debt.

Pratt had no general authority to compromise the debts or claims of the plaintiffs, on the payment of a less sum than the full amount. The plaintiffs disaffirmed and repudiated the acts of Mr. Pratt in compromising the debt, and immediately commenced an action to recover their claim.

II. The payment of the officer's fees, &c., was not such further consideration as would give the receipt any additional force.

The auditor finds, that it was not proved by the terms of the settlement between Pratt and the defendant, that defendant was to pay the officer's fees; on the other hand, the receipt stipulated that plaintiffs were to pay the costs.

The officer's fees were a legal claim the plaintiffs held against the defendant. If defendant, by agreement or voluntarily, paid the fees, he was only paying a legal claim against himself, and it never could be a consideration to discharge any other claim.

III. Payment of part of a debt is no legal satisfaction of the whole debt, though the creditor agrees to receive it in full satisfaction, and actually discharges the whole debt by a receipt in full.

It has uniformly been holden that a payment of a part of a debt, by the debtor, when the whole is due, is not and cannot by possibility be a legal consideration for a contract on the part of the creditor, to receive it in full satisfaction of the whole debt. *Wright* v. *Allen*, 4 Vt. 572. *Shaw* v. *Clark*, 5 Vt. 507. *Wheeler* v. *Wheeler*, 11 Vt. 60. *Seely et al.* v. *Spencer*, 3 Vt. 334. *Dederick* v. *Leman*, 9 Johns. 355. *Mechanic's Bank* v. *Hazard*, 13 Johns. 353. *Johnston* v. *Beaman*, 5 Johns. 269. *Seymore* v. *Minturn*, 17 Johns. 169. *Howe* v. *Mackay*, 5 Pick. 44. *Colburn* v. *Gould*, 1 N. H. 279. Chitty on Contracts, 277. 1 Stephens N. P. 291–2. 1 U. S. Digest, 44.

BY THE COURT. The case of *Wheeler* v. *Wheeler* 11 Vt. 60, must govern the decision of this case. It was there held, that a payment of part of a debt, when the whole is due, is not a legal consideration for a contract, on the part of the creditor, to receive that amount in full satisfaction of the debt; and that such payment operates only as a discharge to that amount, leaving the balance of the claim still due and unsatisfied, and for which the creditor, notwithstanding his discharge, can sustain his action. This case does not fall within any of the exceptions to the general rule, referred to in that case. The effect of a full discharge cannot be given to this payment and receipt, without overruling the various cases decided in this State. The discontinuance of a suit, brought for unliquidated damages, or for disputed claims, may be a sufficient consideration to sustain such a contract. Chitty on Contracts 45, 748, note. But when this compromise was made, no part of the plaintiff's account was then disputed; but the parties, treating the whole as due and payable, compromised the matter on that ground.

If this receipt had been executed by the plaintiffs, such must have been its effect; and the same effect must be given to the receipt given by Mr. Pratt, even regarding him as the authorized agent of the plaintiffs, and rendered so, by the receipt and retention by the plaintiff of the money paid on the contract.

This being the only matter presented, the judgment must be affirmed.