# Singleton, Hunt & Co. *v.* Thomas.

*Action on Account.*

1. *Composition of debts; section 3040 of the Code construed.*—The sole purpose of section 3040 of the Code of 1876 was to render operative and valid written contracts, intended in good faith by the parties to operate as a composition of debts, and executed without a release under seal, and without a new or additional consideration, which were inoperative under the rules of the common law.

2. *Same.*—The *dictum* in *Hart v. Freeman*, 42 Ala. 567, that section 3040 of the Code of 1876 "requires settlements for the composition of debts to be in writing," is manifestly erroneous as a general proposition, although correct as to that particular case.

3. *Same; good, when part of debt secured by guaranty of third party, although not in writing.*—While neither the payment nor the promise by a debtor to pay a part of a debt, will operate an extinguishment of the whole, yet, when the creditor receives a guaranty of a part of the debt from some responsible third party, or receives the obligation or note of the debtor therefor with some other person as surety, in full satisfaction, this will operate a discharge of the entire debt, although the agreement is not in writing, the statute having no application to such a case.

4. *Admissibility of evidence; res inter alios acta.*—The defense to an action on an account being, that the creditor had accepted the debtor's notes for a part of the debt, with sureties, in full settlement and satisfac-

[Singleton, Hunt & Co. v. Thomas.]

tion, which was controverted by the plaintiff, the fact that the defendant had made similar settlements with other creditors, the plaintiff not being connected therewith, is *res inter alios acta*, and irrelevant, and inadmissible.

APPEAL from Barbour Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was an action on account, brought by Singleton, Hunt & Co. against W. H. Thomas; was commenced on 11th April, 1882, and was tried on issue joined on the plea of the general issue, as recited in the judgment entry, the trial resulting in a verdict and judgment for the defendant.

The evidence for the defendant tended to show that, in 1881, he owed the plaintiffs $826.15; that in May of that year he gave to the plaintiffs two notes, one for $200, due 1st October, 1881, and the other for $213.07, due 1st November, 1881, with one Nix as his surety thereon; and that said notes were given by him in full satisfaction and discharge of the account sued on, and that the plaintiffs agreed in parol to accept the notes in full payment of the account. To the evidence as to the purpose for which the notes were given, and the agreement between the parties, the plaintiffs objected, on the ground that the agreement was not in writing. The court overruled the objection, and the plaintiffs excepted. The evidence for the plaintiffs, on the other hand, tended to show that the notes were accepted by them as a credit on the account, and that they had never agreed to accept them in full payment thereof. The defendant examined as a witness one White, who testified that all or a large number of the creditors of the defendant, at some time in the early part of the year, 1881, filed a creditors' bill against said defendant and parties to whom he had executed mortgages, to set aside the mortgages for fraud, or to have them declared a general assignment, and that said suit was settled by defendant by paying the complainants fifty per cent. of their debts; but that the plaintiffs were not parties to that suit. To this testimony the plaintiffs objected, but their objection was overruled, and they excepted.

This being the substance of the evidence introduced on the trial, the court charged the jury, *inter alia*, that if they "believe from the evidence that the defendant owed plaintiffs in 1881 $826.15 by account, and that defendant gave two notes, amounting to one-half of plaintiffs' account, with Nix [as his surety], and that it was agreed orally between plaintiffs and defendant, that said two notes should be received by plaintiffs in full settlement of their account, then the plaintiffs could not recover." To this charge the plaintiffs excepted, and also to the refusal of the court to charge the jury, at their written request, that if they "believe from the evidence that, at the time said

[Singleton, Hunt & Co. v. Thomas.]

two notes were given by defendant to plaintiffs, there was no other writing about said settlement except said notes, then the jury can only look to the notes to determine what was the intention of the parties, and can not look to anything not in said writings, which took place between plaintiffs and defendant."

The rulings of the court on the evidence, and the charge given, and the refusal to charge as requested are here assigned as error.

G. L. COMER, for appellant.

D. M. SEALS, contra.

SOMERVILLE, J.—The rule governing the composition of debts, between creditor and debtor, at common law, and the one prevailing under our statutes, are in some respects essentially different. The common law rule as to compositions effected by *simple* contracts, not under seal, is, that the payment of a less sum of money than the whole debt, *without a release*, is no satisfaction of the plaintiff's claim.—*Fitch v. Sutton*, 5 East. 232; *Harrison v. Wilcox*, 2 Johns. Rep. 449. So a mere agreement to receive a part of a debt, or of *liquidated* damages, in satisfaction of the whole, is but *nudum pactum*. The promise to release the balance of the demand, being without consideration, is considered as void.—2 Parsons' Contr. 618, 619; *Wheeler v. Wheeler*, 11 Vt. 60.

The infirmity of such an agreement was not aided by its being reduced to writing. This imparted no additional validity to it, unless a *new consideration* passed between the parties. Bish. on Contr. §§ 407, 421. But, as a *seal* implied a consideration, if such a contract of composition, or release, was in writing *and under* seal, it was a bar to a suit for the debt, without question as to the amount of consideration actually paid by the debtor.—*Brewer v. Bessinger*, 25 Miss. 86; *Wing v. Chase*, 35 Me. 260; *Acker v. Phœnix*, 4 Paige, 308; Bish. on Contr. § 413.

The sole purpose of section 3040 of the present Code (1876) was to meet these two obstacles, as above presented. It declares that "all settlements in writing, made in good faith for the composition of debts, must be taken as evidence, and held to operate according to the intention of the parties, *though no release under seal is given, and no new consideration has passed*."—Code, § 3040. Its whole scope is to render operative and valid a certain class of contracts which were repudiated by the rules of the common law, viz., written contracts intended, in good faith, by the parties to operate as a composition of debts, executed *without a release under seal*, and *without a new*

[Singleton, Hunt & Co. v. Thomas.]

*or additional consideration.* The *dictum* in *Hart v. Freeman,* 42 Ala. 567 (570), that the section of the Code under consideration "requires settlements for the composition of debts to be in writing," is manifestly erroneous as a general proposition, although correct as to the particular case in which it was used.

The present case does not, however, come within the influence of the statute, but is determined by a well settled principle of the common law governing contracts for the composition of debts. This principle is, that, although neither the payment, nor the promise by a debtor to pay *a part* of a debt, will operate as an extinguishment of the whole, yet where the creditor receives in full satisfaction a *guaranty of part of a debt* from some responsible *third person*—or, in other words, receives the obligation or note of the debtor with some *other person as surety or endorser,* the discharge will be good. Though the distinction between this case and the receipt of money does not appear to be entirely sound, yet it has long been recognized, and is well supported by authority. It may be assimilated, perhaps, to the case of a payment in the notes of a third person, which, though for a smaller amount, may be held to operate as an accord and satisfaction of the whole, if such be the agreement.—*Carriere v. Ticknor,* 26 Ala. 571; *Fulford v. Johnson,* 15 Ala. 385; *Brooks v. White,* 2 Met. (Mass.) 283. So it is a universal rule, that where any other articles than money are received, and agreed to be accepted, in full satisfaction of a debt, the law will not undertake to interfere with the estimate of value placed on such consideration by the parties themselves.—*Pinnel's case,* 5 Co. 117; Bish. on Contr. § 409; *Earl v. Peck,* 64 N. Y. 596. The particular point under consideration has been often decided, and seems to be now well established.—2 Parsons' Contr. 618, 619; Bish. on Contr. §§ 412–15; *Gunn v. McAden,* 2 Ired. (N. C.) Eq. 79; *Maddox v. Bevan,* 39 Md. 485; *Keeler v. Salisbury,* 33 N. Y. 648; *Boyd v. Hitchcock,* 20 John. 76; *LePage v. Mc-Crea,* 1 Wend. 164; *Brooks v. White,* 2 Met. 283; *Pierce v. Jones,* 28 Amer. Rep. 293, *note.*

The rulings of the court touching these principles were free from error.

The court erred, however, in admitting the testimony of the witness White. It was a disputed question, as to whether the plaintiffs had agreed to make the composition under consideration. Evidence that the defendant had made a similar settlement with other creditors, at the same rates of discount, was immaterial. Plaintiffs are not shown to have had any connection with this settlement; and are not, therefore, to be prejudiced by it. Being *res inter alios acta,* it did not conduce to prove that plaintiffs had agreed to do the same thing, nor did

[Stringfellow v. Ivie.]

it furnish any reasonable inference or presumption, that the disputed compromise here in issue had been made.—1 Greenl. on Ev. § 52.

Reversed and remanded.