SOMMERVILLE, J.
George Dionne died in the city of New Orleans, in November, 1902, intestate, leaving a widow and eight children. His estate was inventoried at $30,941.16; one-half of which belonged to his widow, and she was put into possession of the share which went to the heirs, as the usufructuary thereof. The real estate was appraised at $4,200, the household effects, at $263, and the cash amounted to $26,478.86. After the payment of debts, there was left in the hands of the executrix $25,031.47, one-half of which belonged to her. In the years 1903 and 1905 the widow gave to each one of these heirs the sum of $1,194.37, or a total of $9,554.96, leaving a balance in her hands in cash of $2,960.77, which belonged to the heirs, and of which she had the usufruct.
A second inventory was taken after the present suit vtas filed by six of the heirs against their mother, wherein it appears that the real estate was appraised at $4,200, as in the first inventory, and the cash was reduced to $4,240.
The six heirs who have sued their mother in this proceeding allege that she, as usufructuary, “has allowed the buildings to decay and deteriorate, and has neglected to make the proper and necessary repairs,” etc., and that she “has attempted to defeat their rights by squandering and giving away the money, notes, and other movable property of which she has enjoyed the usufruct,” and they ask “that there be judgment decreeing the defendant, Mrs. Eugenie Yicknair Dionne, to have forfeited her right of usufruct,” and that “there be judgment herein, decreeing a partition by licitation of the said property,” etc.
There was judgment in favor of defendants, and plaintiffs have appealed.
*250 ‘Plaintiffs have failed to sustain their allegations that the defendant has neglected to make proper and necessary repairs to the buildings, one-half of which she is owner of in indivisión, and has permitted said buildings to go to decay and to deteriorate. The two inventories filed in the record, the first taken in 1902, when defendant took charge of the property, and the one made in 1912, for the purposes of this suit, show the real estate to be inventoried at the same figure, $4,200. This would indicate, ordinarily, that the buildings were in no worse condition now than they were in when she took charge of them. The positive evidence in the record is that during the last three years defendant has spent $702.75 for repairs on the two buildings. This shows that defendant has not entirely neglected said buildings. The property is located in a portion of the city of New Orleans which is not improving, and it is rented principally to negroes, in a neighborhood occupied by Italians and negroes.
Plaintiffs offered testimony going to show that the two houses owned by them and their mother were out of repair, and that it would take from $1,450 to $3,000 to put them in first-class condition. The latter figure represents three-fourths of the amount that the two pieces of property were appraised at, including the lots of ground. The usufructuary is not required to put old and dilapidated buildings in first-class condition, particularly where it appears that the property is old and is located in a poor neighborhood, where rental values are low.
As the testimony does not sustain the charge of neglect and dilapidation alleged by plaintiffs, their suit must fail on this point.
Turning now to a consideration of the alleged waste of the cash in the hands of the defendant, we find the cash to be in a condition contrary to that which plaintiffs allege it to be in. The widow Dionne was put in possession, as usufructuary, of $12,515.73 belonging to her children, and she voluntarily turned over to these plaintiffs, together with two other children, the sum of $9,554.96, leaving a balance in her hands belonging to them of $2,960.77, and the evidence shows that she has cash in hand amounting to $4,240. There has evidently been no waste of cash. It is shown, besides, that defendant has loaned to the husband of one of the plaintiffs the sum of $8,000 of her own money.
Plaintiffs having failed to sustain their allegations, there must be judgment in favor of defendant.
Judgment affirmed, with costs.
O’NIELL, J., takes no part.