# Steagall-Cheairs Fertilizer Co. *v.* Kennedy.

## *Trover.*

(Decided May 20, 1915. 68 South. 862.)

1. *Mortgages; Trover Under; Evidence.*—Where the defendant took a horse from plaintiff under a mortgage in default made by certain horse dealers, and including the horse acquired by plaintiff, and the plaintiff brought trover against the mortgagee, evidence that defendant had authorized the mortgagors, plaintiff's predecessors in title, to resell the property sold them and mortgaged, was improperly admitted, since such authorization to Clark & Kennedy was not competent evidence to show that similar authority was given to Kennedy Brothers, their successors, when other animals were sold to them.

2. *Appeal and Error; Harmless Error; Evidence.*—Where the evidence on the question as to whether or not the mortgagor was authorized to sell was evenly balanced, it cannot be said to be harmless error to admit erroneous evidence that defendant authorized the predecessor of such mortgagor to sell.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Trover by T. I. Kennedy against the Steagall-Cheairs Fertilizer Company for the conversion of a bay horse.

[Steagall-Cheairs Fertilizer Co. v. Kennedy.]

Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under the act creating said court.

Espy & Farmer, for appellant.

R. W. Miller, for appellee.

SOMERVILLE, J.—It appears that the plaintiff got by barter from a member of the firm of Kennedy Bros., a certain horse owned by them and upon which they had previously given a mortgage to the defendants. The defendant mortgagees, being authorized thereto by the mortgage contract, took the horse from the custody of the plaintiff, who now sues in trover for the alleged conversion. The only real issue in the case was whether or not the defendants had authorized the mortgagors to dispose of the horse, or afterwards ratified the exchange made with the plaintiff. The evidence pro and con was in sharp dispute.

Kennedy Bros.' predecessors in business were Clark & Kennedy, who had dealt in horses and mules, and had gotten a number of animals from the defendants, who were large dealers therein.

(1) To close up this business, a note and mortgage were given to the defendants by Kennedy Bros. at the same time they gave to the defendants the mortgage in question. This mortgage was unnecessarily put in evidence by the defendants, and cross-examination as to its subject-matter led to many objections and exceptions, which are without material bearing upon the case.

The trial court, however, overruled the defendants' seasonable objection that it was irrelevant, and allowed the plaintiff to show that the stock which the defend-

ants previously sold to Kennedy & Clark were sold to them with the understanding that they were to sell them. This was manifest error, for the previous giving of such authority to Kennedy & Clark was not competent evidence to show that the defendants gave a similar authority to Kennedy Bros. when the four horses were sold to them.—*Singleton v. Thomas*, 73 Ala. 205. Indeed, the horse in suit was not one of the four then sold, but already belonged to the mortgagors, and was included in the mortgage as security for the purchase price of the other four. There was no connection between the two transactions, and the parties were different.—See *Nelms v. Steiner*, 113 Ala. 562, 22 South. 435; *Baker v. Lehman & Co.*, 186 Ala. 493, 65 South. 231 (headnote 18).

(2) Where the weight of the direct evidence was closely balanced, we cannot say that this testimony did not prejudice the defendants, and the error must therefore work a reversal of the judgment.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD anad THOMAS, JJ., concur.