(112 So. 224)

**SMITH v. ALLEN et al.  (7 Div. 676.)**

Supreme Court of Alabama.  April 7, 1927.

1. Appeal and error ⟊931(1)—Rule that court's decision on oral testimony for presumptive purposes has effect of verdict is not conclusive, but is dependent on facts.

Rule that conclusion of trial court on hearing on testimony, taken ore tenus, will be treated as equivalent, for presumptive purposes, of a verdict is not conclusive, but is dependent on circumstances of the particular case.

2. Appeal and error ⟊1009(3)—Where testimony of interested witnesses was conflicting, reviewing court must yield weight to fact that chancellor had opportunity to observe witnesses.

In suit to foreclose a mortgage, where witnesses to controlling facts were interested in the result and testimony was in hopeless conflict, reviewing court must yield weight to fact that chancellor had opportunity to observe bearing and demeanor of witnesses while testifying.

3. Mortgages ⟊319(3)—Evidence held to sustain finding of chancellor that mortgage had been paid in full.

In suit to foreclose a mortgage on land, evidence *held* to sustain finding of the chancellor that mortgage had been paid in full.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Bill in equity by T. A. Smith against M. M. Allen, M. J. Allen, Rollie Allen, Luther Allen, and H. D. Sturkie, and cross-bill by defendants. From a decree denying relief under the original bill and granting relief under the cross-bill, complainant appeals. Affirmed.

Hood & Murphree, J. M. Miller, and Shelton Street, all of Gadsden, for appellant.

Counsel argue for error in the decree, citing 8 Cyc. 523; Langdon v. Roane, 6 Ala. 518, 41 Am. Dec. 60; Ferguson v. Lowery, 54 Ala. 510, 25 Am. Rep. 718; Crowson v. Cody, 207 Ala. 476, 93 So. 420.

Inzer & Inzer and Dortch, Allen & Dortch, all of Gadsden, for appellees.

Findings of fact by the chancellor, supported by ample evidence, will not be disturbed unless plainly and palpably wrong. Driver v. Johnson, 211 Ala. 184, 100 So. 116; Smith v. Sharp, 210 Ala. 587, 98 So. 566; Avant v. Avant, 207 Ala. 46, 91 So. 874; Curb v. Grantham, 212 Ala. 395, 102 So. 619; Barkley v. Boyd, 211 Ala. 50, 99 So. 196. Where material evidence before the trial court is not before the Supreme Court the findings of fact will not be disturbed. Fuller v. Fair, 206 Ala. 654, 91 So. 591.

SAYRE, J. Appellant brought his bill to foreclose a mortgage. Appellees pleaded payment in full, and, along with the cancellation of the mortgage aforesaid, by cross-bill sought a decree canceling a certain muniment of title, a quitclaim affecting the same land, which, as they contended, had been delivered to appellant, conditionally in effect, in the progress of negotiation between the parties looking to the vesting of title in the appellee Luther Allen but which was never consummated because appellee Rollie Allen afterwards refused to convey to appellant who was to convey in turn to Luther, whereby the consideration for the quitclaim wholly failed. Appellees conceded that a deed from appellant to them, dated October 7, 1921, executed and delivered to them during the progress of the same negotiation, but afterwards delivered by them to appellant and at the filing of the original bill still (it seems) retained by him, should be canceled. Decree was rendered in agreement with appellees' understanding and averment of the facts.

[1] There are no disputed questions of law. The result depends entirely upon the solution of issues of fact as to which the evidence is in conflict in large part. Appellees note the fact that the testimony in the cause was taken ore tenus before the chancellor, and cites numerous cases to the general effect that the conclusion reached in the trial court upon such a hearing will be treated as the equivalent for presumptive purposes of the verdict of a jury. There is no dispute concerning the proposition of law

involved, but the parties are not by any means agreed as to the proper operation and effect in this cause of the presumption indulged in such cases on appeal. The presumption is not conclusive, of course, and its weight and proper indulgence depend largely upon the circumstances of the particular case. All the witnesses in this cause—with the exception of 2, viz., Mr. Being (not otherwise identified), who testified to a collateral circumstance having some tendency to corroborate appellees, and W. G. Hale, who undertook to impeach the general character of two of the appellees with whom he had of old had controversies of a financial sort —all the witnesses to the controlling facts in the cause with the exceptions noted are interested in the result; this statement, however, will not be construed as including Mr. Disque, who, as an attorney at law representing a third party, had some part in the negotiations between the parties to this cause, but whose testimony relating to facts not really in dispute and which lend little or no credit to either side, is accepted as indubitably true.

[2] The testimony of these interested witnesses was in hopeless conflict, and we must yield a good deal of weight to the fact that the trial judge or chancellor had the opportunity to observe their bearing and demeanor while upon the witness stand.

[3] In the same connection, other circumstances, though not necessarily solving the whole case, are of great importance, both as in themselves considered and as affecting the credibility of the witnesses. A payment of $3,511, claimed by appellees to have been made to appellant, was by the latter denied. But appellees not only deposed to the fact of such payment, but produced a receipt purporting to have been signed by appellant. The trial court had this original paper before it—as we have not—along with several signatures of appellant which were hardly open to denial. An item of this significance was well-nigh, though not necessarily, conclusive. We are wholly unable to say that the trial court went astray in giving appellees credit for this payment. So, likewise, appellant denied the receipt of several considerable payments testified to by appellees, but the bank checks by means of which the payments were made were produced, and, finally, the payments were admitted. Appellees claimed payment of two notes of $951 each. Appellant denied receipt of these items, but appellees produced the notes and appellant failed to account satisfactorily for the fact that the notes were in the possession of appellees. These circumstances are but a part of the case which was curiously involved and calculated to create confusion and the possibility of error. Our best judgment, in agreement with the chancellor, after cautious consideration, is that the debt of appellees to appellant on account of land purchased was satisfied and paid in full, that the instruments ordered to be canceled by the court were properly so treated, and that the decree must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.