(119 So. 851)

### SPRINGER et al. v. SULLIVAN.
#### (6 Div. 173.)

Supreme Court of Alabama.    Oct. 18, 1928.

As Modified on Denial of Rehearing, Jan. 24, 1929.

R. O. Price, of Tuscaloosa, for appellants.

H. A. & D. K. Jones, of Tuscaloosa, for appellee.

FOSTER, J. Suit was instituted by Dewey "Selden" and Marion Baines for the contract price agreed on for cutting timber for defendant. It developed that one of the plaintiffs was not named Dewey "Selden," but Dewey Sullivan, and plaintiffs were allowed to amend by changing his name, and later by striking Baines as a party plaintiff. This was over objection and exception by defendants, who also moved to enter a discontinuance because of an entire change of parties plaintiff resulting from the above situation.

If an error is made in the name of a party, it may be corrected by an amendment. Whether the amendment introduces a new party, or relates to the same party by a different name, is a question of fact for the court to determine. Evans v. Richardson, 76 Ala. 329; South & N. A. R. Co. v. Small, 70 Ala. 499; Section 9513, Code 1923; Beggs v. Wellman, 82 Ala. 391, 2 So. 877.

The amendment alleged that the name Selden was erroneously written instead of the name Sullivan, which is the true name of the plaintiff first mentioned; that there is no such person as Dewey Selden, and that Dewey Sullivan was referred to and intended.

Defendants objected to the change, but did not take issue upon the allegations made as to the error in the true name of such plaintiff. The allegations are therefore admitted. The action of the court was without error.

As there was no change of parties, it was permissible to further amend by striking one of the plaintiffs. Section 9513, Code.

When a case at law is tried by a judge without a jury, and illegal evidence is introduced, it will require a reversal of the judgment, unless the remaining evidence is without conflict and sufficient to support the judgment. Little v. Peoples Bank of Mobile, 209 Ala. 620, 96 So. 763; Deal v. Houston Co., 201 Ala. 431, 78 So. 809; Bank of Talladega v. Chaffin, 118 Ala. 246, 24 So. 80.

Plaintiff sued for the contract price for cutting timber for defendant's sawmill. There was no dispute as to the contract price or amount of timber cut. The cutting was done in February, 1927, and suit brought in

March, 1927. Plaintiff stopped cutting about the 1st of March, and defendant claimed an offset or recoupment for damages in not cutting all the timber agreed to be cut. On the trial it developed that there was no time fixed by the contract within which the cutting was to be done. Under such circumstances, it was the duty of plaintiff to do so within a reasonable time. Stark v. Burford, 215 Ala. 69, 109 So. 148; Erswell v. Ford, 205 Ala. 494, 88 So. 429; Pratt Consolidated Coal Co. v. Short, 191 Ala. 378, 68 So. 63; Griffin v. Ogletree, 114 Ala. 343, 21 So. 488; Cotton v. Cotton, 75 Ala. 345.

█ What constitutes a reasonable time depends materially upon the nature of the contract, the relation of the parties, and the peculiar circumstances of the particular case, and is sometimes a question of law and sometimes one of fact. Authorities supra.·

██ The timber cut by plaintiff was hauled to the mill of defendant by six or eight other men. These haulers were permitted to testify, over appellant's objection and exception, that they and plaintiff were all farmers and used their farm teams in hauling, and began work on their farms and stopped hauling, and plaintiff stopped cutting, about the same time, to wit, the last of February or the 1st of March. We think this class of testimony is different from that where contracts and transactions with other parties are held illegal and irrelevant as to the disputed terms of the contract in question. Steagall v. Kennedy, 192 Ala. 548, 68 So. 862; McKinney v. Darden, 192 Ala. 369, 68 So. 269; Langworthy v. Goodall, 76 Ala. 325; Singleton v. Thomas, 73 Ala. 205.

Plaintiff contended, and the court held in effect, that it was reasonably contemplated that he should stop cutting and work his farm, and then could finish the contract. That the plaintiff was a farmer was known to defendant, and that the haulers were also farmers, using their farm teams for hauling, is a circumstance affecting the contemplation of the parties as to the time of performance. That the haulers stopped hauling when crop time began is but a circumstance in the orderly sequence of events occurring in connection with plaintiff's operations, and not wholly without bearing upon whether plaintiff breached his contract in suspending his operations at the same time. "Facts are relevant which logically tend to prove or disprove the fact in issue, or which afford a reasonable inference, or shed light upon the matter contested. .* * * Whether evidence offered is too remote is for the court in the exercise of a sound discretion, and such ruling will not be revised on appeal, unless it is plain that error was committed." Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216.

█ The only ruling of the trial court, excluding evidence which appellant assigns for error, is a question propounded by appellant to Manly Springer, one of the defendants, as follows: "You had the timber there ready to pay him for cutting?" To this question the court sustained the objection of appellee. It does not appear that counsel for appellant discussed this assignment in brief. The discussion only related to the allowance of certain evidence to which exception was taken.

█ The court is also asked to review the judgment of the lower court on the facts, upon evidence taken orally before the judge trying without a jury.

This will be done, though without a special finding of facts, after allowing due consideration for the judgment of the court. But the finding must be plainly erroneous or manifestly wrong to reverse the action and judgment of the court on such review. Shepherd v. Scott's Chapel, 216 Ala. 193, 112 So. 905; Smith ,v. Kennedy, 214 Ala. 427, 108 So. 564; Jones v. Hines, 205 Ala. 145, 87 So. 531; Shaw v. Knight, 212 Ala. 356, 102 So. 701; Smith v. Allen, 215 Ala. 652, 112 So. 224; Halle v. Brooks, 209 Ala. 486, 96 So. 341; Raible Co. v. City Bank & Trust Co., 22 Ala. App. 68, 112 So. 543; Bookmiller v. Jones, 216 Ala. 298, 113 So. 32.

It is our view that the judgment of the trial court was not plainly erroneous or manifestly wrong, and that the court did not commit other error during the trial.

Affirmed.