140 So. 177

## WARREN v. STATE.
### 8 Div. 418.

Court of Appeals of Alabama.
March 1, 1932.

F. S. Parnell, of Florence, and Henry D. Jones, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**RICE, J.**

Appellant was convicted of the offense of unlawfully having in possession prohibited liquor. Code 1923, § 4621.

The complaint upon which he was tried was not defective as for that it charged appellant with the offense of "buying," etc., the said alleged prohibited liquor. Such is now a violation of the law in Alabama. Jinright v. State, 220 Ala. 268, 125 So. 606.

It is true that "when a case at law is tried by a judge without a jury, and illegal evidence is introduced, it will require a reversal of the judgment, unless the remaining evidence is without conflict and sufficient to support the judgment." Springer et al. v. Sullivan, 218 Ala. 645, 119 So. 851, 852.

But we are not persuaded that the evidence objected to, and to the overruling of which objection exception was duly reserved in this case was irrelevant, and hence illegal.

In the opinion in the case last above cited is contained the following quotation: "Facts are relevant which logically tend to prove or disprove the fact in issue, or which afford a reasonable inference, or shed light upon the matter contested. * * * Whether evidence offered is too remote is for the court in the exercise of a sound discretion, and such ruling will not be revised on appeal, unless it is plain that error was committed." Citing Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216.

In this case a jug of liquor, which the evidence properly, and sufficiently, tended to show was "prohibited," in the eyes of our law, was found on, or adjacent to, premises occupied by appellant.

It was therefore relevant and proper to introduce testimony tending to show appellant's going to and from said jug and bringing away from it bottles of liquid which the court might well have found came out of it, all this as bearing directly upon appellant's having in "possession," vel non, said jug.

Reviewing, as we are required to do, the judgment of the lower court on the facts, and, under the rule laid down for us, we are of the opinion that the judgment of the trial court "was not plainly erroneous nor manifestly wrong, and that the court did not commit other error during the trial." Springer et al. v. Sullivan, supra.

Judgment affirmed.

Affirmed.