10 So.2d 302

### HILL v. BURTON.

#### 6 Div. 937.

Court of Appeals of Alabama.

Oct. 27, 1942.

Carl Elliott, of Jasper, for appellant.

T. K. Selman, of Jasper, for appellee.

RICE, Judge.

Appellee claimed that his Ford car was injured or damaged through the negligence of appellant; and that the accident occurred on January 22, 1939. Thereafter, on January 20, '1940, appellee brought suit against appellant, but described appellant as "Herbert" Hill.

The suit was duly filed on the date named, but if "summons" was issued to the defendant it does not appear; certainly it was never served upon him.

Later, on April 21, 1941—after the statute of limitations would have normally run against an action for the damages suffered in the accident of January 22, 1939—appellee amended his complaint by striking out the letters "Her" where they appear together in the Christian name of the defendant (appellant), and substituting therefor the letters "El"—causing the name of appellant to be and appear "Elbert Hill"—who takes this appeal.

Appellee averred in his amendment to the complaint which was filed on April 21, 1941 that he, at the time of filing his suit, instructed his attorney to sue "Elbert Hill;" that "Elbert Hill" was, really, the defendant, and the only defendant, in the case; and that so far as he knew there was no "Herbert Hill." He alleged that the naming of "Herbert Hill" as defendant, instead of "Elbert Hill," was a mere inadvertence; and that the purpose of his amendment was merely to correct an error in the Christian name of the real, only, and intended defendant.

The allowance of this amendment of April 21, 1941, over appellant's objection, is one of the principal things insisted upon as error here on this appeal.

■ But it seems to us, and we hold, the trial court ruled correctly in this regard.

When an error is made in the name of a party—either plaintiff or defendant—in a pleading, it may always be corrected by amendment. Code 1940, Tit. 7, § 239; Springer et al. v. Sullivan, 218 Ala. 645, 119 So. 851. True, whether an amendment changing the name of a party introduces a new party, or relates to the same original party by a different name, is a question of fact for the court.

But where, as here, it is averred in the amendment that the same merely seeks to correct the name of the original party defendant, and no issue is taken on this averment, it stands admitted. Springer et al. v. Sullivan, supra.

■ So that, we have here a case where the complaint against appellant—though by an erroneous name—was filed well within the time during which it was not barred by the statute of limitations. This stopped the running of said statute; and the fact that summons was not issued, nor served, upon appellant until after the period allowed in said statute, made no difference. Horn v. Pope, 205 Ala. 127, 87 So. 161. Summons (alias summons) was served upon appellant after the amendment, and before judgment entered.

The judgment of the lower court is affirmed.

Affirmed.