44 So.2d 273

ABBOTT v. ALABAMA COCA COLA BOTTLING CO.

8 Div. 800.

Court of Appeals of Alabama.
Feb. 7, 1950.

146

Herbert H. Conway, of Albertville, for appellant.

Marion F. Lusk, of Guntersville, for appellee.

CARR, Judge.

J. J. Abbott brought suit against the Coca Cola Bottling Company, a corporation.

The Alabama Coca Cola Bottling Company, a corporation, appeared specially and filed a plea in abatement which in effect alleged that it had never been known by the name first indicated above.

The plaintiff then sought to amend his complaint by the following document (omitting formal parts):

"Comes now the plaintiff and with permission of the Court first had and obtained amends his complaint in the following manner as follows:

"Plaintiff avers that the true and correct name of defendant is: 'Alabama Coca Cola Bottling Company, a corporation.' Plaintiff so amends his former complaint filed in this cause, as to place the word, 'Alabama' in front of defendants name wherever it appears in this cause."

The Alabama Coca Cola Bottling Company then moved "that said cause be discontinued and dismissed out of this court because the effect of said amendment is to work an entire change of the party defendant to said attempted suit."

The motion was granted, and this appeal followed.

We had for review an analogous situation in the fairly recent case of Birmingham Coca Cola Bottling Co. et al. v. Sellers, Ala. App., 39 So.2d 706.[1] We sustained the action of the court in overruling the motion to discontinue the cause.

In the instant case counsel for appellee in brief places his position on the insistence that there was no proof that the two named corporations were in fact identical, and for aught appearing a new party defendant was introduced by the amendment.

■ Justice Foster, writing for the Supreme Court in Springer et al. v. Sullivan,

1. 34 Ala.App. 355.

218 Ala. 645, 119 So. 851, 852, observed: "If an error is made in the name of a party, it may be corrected by an amendment. Whether the amendment introduces a new party, or relates to the same party by a different name, is a question of fact for the court to determine."

The Justice went on to say: "Defendants objected to the change, but did not take issue upon the allegations made as to the error in the true name of such plaintiff. *The allegations are therefore admitted.*" (Emphasis ours.) See also, Hill v. Burton, 30 Ala.App. 594, 10 So.2d 302.

In the case of Van Landingham v. Alabama Great Southern R. Co., 243 Ala. 31, 8 So.2d 266, 267, the Supreme Court held that the trial judge was not in error in granting the motion to dismiss the cause. An examination of the opinion will disclose that by the *undisputed proof* it was established that the two party defendants, about which the court was there concerned, were separate and independent corporations. In response, Chief Justice Gardner held: "So considered, and in the light of the undisputed proof, there was no mere change in the name of the defendant sued, but a substitution of one corporation for another and a different corporation as a party defendant to the cause."

The Springer case, supra, was cited with approval. The distinction in the two cases is apparent. See also, Ex parte Textile Union of America, 249 Ala. 136, 30 So.2d 247.

█ In the case at bar the tendered amendment, in pertinent part, alleges "that the true and correct name of defendant is: 'Alabama Coca Cola Bottling Company, a corporation.'" There was no issue taken upon this averment, and the allegation was therefore admitted. Springer et al. v. Sullivan, supra.

█ It follows that the lower court was in error in his ruling on the motion. The judgment below is therefore ordered reversed and the cause remanded.

Reversed and remanded.