1834.<br>Acker<br>v.<br>Phœnix.

---

## ACKER & CHAPMAN *vs.* J. D. & D. A. PHŒNIX.

Where certain creditors agreed to compound with their debtors, and to receive twelve shillings in the pound in full satisfaction of their respective debts, and it was expressly provided in the composition deed that it should not be binding on any of the creditors executing the same, until all and every creditor of such debtors had executed the deed ; *Held*, that the debtors could not vary the terms of the written agreement, by showing that there was a parol understanding between them and those who executed the composition deed, that certain creditors, denominated confidential creditors, were not to execute the same, but were to be paid by the debtors in full.

An agreement by a creditor to accept from his debtor a part of his debt in full satisfaction for the whole, is without consideration and void, unless the agreement is in writing, and is also under seal, which imports a consideration.

The court of chancery will not aid a party who is seeking the specific performance of a mere voluntary agreement, which is neither founded on a good or a valuable consideration.

THE bill in this cause was filed to compel a specific performance of a composition agreement, between the complainants and the defendants, as their creditors. By the composition deed, which was dated the 18th of April, 1832, and executed by the defendants and several other creditors, the creditors severally agreed to accept of the complainants' securities at the rate of twelve shillings in the pound, in full satisfaction of the debts due to them respectively from the complainants jointly, or from Henry Acker separately. The amount of such composition was payable in nine, thirteen, and eighteen months ; and was to be secured by satisfactory notes,

January 28.

to be delivered to the respective creditors before the 15th of May; and to be approved of, on behalf of the creditors, by an individual named in the deed. The deed contained a proviso, that it should not be binding upon any of the parties who executed the same, until all and every of the creditors of Acker & Chapman, jointly, and of Acker individually, sealed and subscribed the same. The complainants, in their bill, after setting out the deed of composition, alleged that all the creditors did subscribe and seal the same, except certain creditors usually called confidential. That the composition deed was executed by the defendants and the other parties thereto, with full knowledge of the existence of such confidential debts; and with an understanding between the persons executing the same, and the complainants, that the confidential debts were to be first paid, and that the deed of composition was not to be executed by the confidential creditors. That the complainants procured the notes for the creditors, as mentioned in the deed of composition, within the time prescribed; and that the same were approved of by the individual therein mentioned, and were accepted by all the creditors except the defendants. And that the notes were tendered to the defendants within the time prescribed; but that they refused to receive the same. The complainants further alleged, that the defendants, previous to the execution of the deed of composition, had commenced suits for the recovery of their debts, and that when the deed was executed, in the city of New-York, they gave a letter to the complainants directed to the attorney who was prosecuting the suits, requesting him to discontinue such suits, upon payment of the costs by the complainants, unless he had previously obtained security for the debts. That the complainants afterwards delivered this letter to the attorney of the defendants and offered to pay the costs, and requested him to discontinue the suits; but that the attorney, having previously received another letter from the defendants countermanding the order to discontinue the suits, declined doing so until he had further directions from his clients. And that shortly afterwards the complainants received a letter from the attorney informing them that his clients instructed him to proceed in the suits, unless the debts were paid or secured without de-

lay. It appeared also by the bill, that the present defendants recovered judgments in those suits a few days afterwards for the amount of their debts, and took out executions thereon. The complainants, therefore, prayed for a specific performance of the agreement of composition; that the judgments and executions might be discharged; and for an injunction to restrain the defendants from further proceedings thereon.

The defendants put in a general demurrer to the bill, for want of equity.

*A. Taber*, in support of the demurrer, contended that the complainants had no rights, as against the defendants, either at law or equity; that they could not contradict the composition agreement by parol evidence; that the verbal agreement, set up in the bill, was without consideration and void. And that if the complainants had any remedy, it was by an application to the supreme court to set aside the judgments recovered by the defendants. He cited 1 *Dunl. Pr.* 336; *Lansing* v. *Eddy*, (1 *John. Ch. Rep.* 49;) *Carter* v. *Utica Ins. Co.* (*Id.* 463;) *Wollam* v. *Hearn*, (7 *Ves.* 217, 218;) *Higginson* v. *Clowes*, (15 *Id.* 516;) *Stevens* v. *Cooper*, (1 *John. Ch. Rep.* 425, 429;) *Livingston* v. *Tompkins*, (4 *Id.* 415;) *Newkirk* v. *Willett*, (2 *Caines' Cas. in Error*, 296;) *M'Intyre* v. *Mancius*, (16 *John. Rep.* 592;) *Seymour* v. *Minturn*, (17 *Id.* 169;) *Harrison* v. *Close*, (2 *Id.* 448.)

*J. Rhoades & A. Van Vechten*, for the complainants, cited 2 *R. S.* 135; *King* v. *Baldwin*, (17 *John. Rep.* 384;) *Clason* v. *Morris*, (10 *Id.* 530;) *American Ins. Co.* v. *Fisk*, (1 *Paige's Rep.* 90;) *Lattimer* v. *Harsen*, (14 *John. Rep.* 330.)

THE CHANCELLOR. The deed of composition signed by the defendants in this case is as explicit as language can make it, that it shall not be binding on any of the creditors who have executed the same, until all and every of the creditors of the complainants shall have subscribed and sealed it. But these complainants are now attempting to vary the effect of this written agreement in a very essential point, by an allegation that there was a parol understanding, at the time of

the execution of the deed, that this provision, that all the *creditors* should join therein, was only to extend to a particular class of creditors; and that another class, who are sometimes called confidential creditors, were not to join in the composition deed. This is wholly inadmissible; and as the complainants admit that all their creditors did not execute the deed, they have no defence, either at law or in equity, against the payment of the whole of the defendants' debts.

Again; even if the written instrument could be varied by parol proof, the complainants are not entitled to relief here; as the agreement by the defendants to accept a part of their debt in satisfaction of the whole, was entirely without consideration. And the court of chancery will not aid a party who is seeking the specific performance of a mere voluntary agreement, which is neither founded on a good or a valuable consideration. (*Minturn* v. *Seymour*, 4 *John. Ch. Rep.* 497. *Banks* v. *May's heirs*, 3 *A. R. Marsh. Rep.* 436.) It is well settled that the payment, by the debtor, of a less sum of money than the real debt forms no valid consideration for an agreement to discharge the residue. And such an agreement will be no satisfaction of the larger sum, unless it is under seal; which imports a consideration. (*Harrison* v. *Close*, 2 *John. Rep.* 448.) In this case the composition deed is not executed by the complainants. Therefore there is not even an agreement, on their part, to secure the payment of the amount which was to be received as a composition. If there was a valid agreement to discontinue the suits, which I think there was not, the remedy of the complainants was by an application to the supreme court, to set aside the judgments for irregularity.

The demurrer is allowed; and the bill must be dismissed, with costs.