Potter, J.
This action is brought to obtain a judgment requiring the specific performance of a contract between plaintiff and defendant Armstrong. The contract set forth in the complaint is substantially that the plaintiff agreed to discontinue a divorce suit brought by her against Armstrong, upon the ground of adultery, and to release her *530 inchoate right of dower in all of defendant’s real estate, which are valuable, and that said Armstrong agreed to pay $1500, the costs and expenses of the action, to her attorneys and the further sum of $1200 annually, in equal quarterly payments, for the plaintiff during her natural life, and to secure the payment thereof by a mortgage upon certain specific real estate to the defendant Dobie, as her trustee.
The complaint alleges that she, in performance of said contract, discontinued said action and executed a deed of release of her inchoate right of dower and delivered the same to said Dobie; that the said defendant, Armstrong, executed and delivered to said Dobie, as trustee for plaiñtiff, his mortgage to secure the payment of said sum of $1200; that said Dobie accepted said trust, but that he has neglected and refused to place said mortgage upon record. The relief demanded is that sai.d Dobie place said mortgage upon record and that he be removed as trustee for reasons set forth in the complaint.
There is no allegation that the said Armstrong has refused to have said mortgage put upon record or has any power to prevent it, were he so disposed. The only allegation bearing in that direction is that Dobie says said Armstrong objects to his doing so.
There is no allegation in the complaint that Armstrong and his wife were living separately when this contract was made. Inasmuch as it is alleged they were man and wife and both residents of Plattsburgh when the action was commenced and in the absence of any allegation that they were hving separate from each other, I think the presumption should be that they were living together when the contract was made.
The defendants demur to the complaint that it does not state facts sufficient to constitute a cause of action.
I have not been furnished with a copy of the demurrer but that is stated to be the grouiid of it, and that is the only ground as appears from the defendants’ brief.
The briefs furnished by the respective counsel are somewhat singular in this, that the brief by plaintiff’s counsel only discusses or cites authorities to show that the agreement to give the mortgage was legal and the mortgage given is valid, while the brief by defendants’ counsel simply discusses and cites authorities* to show that the release of dower given by plaintiff and which formed the consideration, at least in part, for the giving of the mortgage, is void or ineffectual as a release of plaintiff’s inchoate right of dower.
It would seem from the briefs that the plaintiff is only cencerned to show that the mortgage is vafid, and that the *531 defendants are only concerned to show that the release of dower is invalid.
The defendant Dobie does not set up as a defense or justification for his refusal to record the mortgage that the mortgage is not good because against public policy, or for any reason except that the release of dower, the consideration for the mortgage, is ineffectual and valueless. It results in this, that the court is called upon to decide two questions, only one side of which has been argued by counsel.
The action is for specific performance of a contract, and the particular act required of defendants is that they place the mortgage upon record.
It might be answered that the defendants are not alleged in the complaint to have agreed to put the mortgage upon record. But, assuming that such was the agreement, in order to make the mortgage good as against any grant the defendant Armstrong might make of the mortgaged premises, the question to be decided is whether the agreement is of such character and upon such consideration that this court should compel the defendant to give the mortgage and to record it.
Before the court will compel the performance of an agreement, the agreement itself must be clear and specific in all material facts; it must satisfy the conscience of the court that it is equitable and right, and not contrary to public policy, that it is mutual and is based upon a good consideration. Minturn v. Seymour, 4 John. Ch.; Acker v. Phœnix, 4 Paige, 305; German v. Machin, 6 id., 288; Calson v. Thompson, 2 Wheat., 336.
I do not propose to consider the question whether such an agreement is contrary to public policy, the question discussed by plaintiff’s counsel, and the question of the consideration of the agreement is discussed by defendant’s counsel. ,
Upon the facts or condition stated and presumed, the plaintiff and defendant were living together. The plaintiff had commenced an action to obtain a judgment of divorce against the defendant, Armstrong, upon the ground of adultery. The action was pending upon the issue of denial of the charge. No proofs have been made tending to show that he was guilty of the charge, and in this condition of matters the agreement in question was made by which the suit was to be discontinued upon the payment of $1,500 costs to plaintiff’s attorneys, and the sum of $1,200 a year paid to plaintiff as long as she lived, to be secured by the mortgage mentioned, and the parties were thereafter to live separate, and she was to release her inchoate right of dower.
• It is true nothing is alleged in the complaint, and nothing in the agreement as set forth has express reference to the *532 parties living separate thereafter. But as was said by the court in the opinion mainly relied upon by plaintiff’s counsel, the stipulation of the payment to plaintiff of $1,200 a year and her release of dower “are out of place if the parties intended to live together.” Adams v. Adams, 24 Hun, 404.
The agreement, therefore, amounts to this, that the plaintiff shall condone the alleged adultery by the discontinuance of the action brought to establish it, release her inchoate right of dower, and receive her support and_ live separate from her husband. The courts will not sustain or enforce such agreements. Van Order v. Van Order, 8 Hun, 315.
That case was, in its essential features, like the case under consideration, and stands as the law of this court in this district. Nor am I aware of any decided case containing those elements where the law has ever been held to be otherwise.
The case relied upon by the plaintiff’s counsel, 24 Hun (supra), where an action was brought to recover a note given by the husband for the wife’s benefit and to induce the discontinuance of an action commenced by her against her husband for adultery, does not conflict with the case of Van Order v. Van Order above cited. Upon the contrary, it recognizes and confirms the doctrine of the latter case. The court, in its opinion in Adams v. Adams, 24 Hun, says, “We think the case of Van Order v. Van Order is distinguishable from this.” The marks of distinction which the court there pointed out between the facts of the two cases were these, that in the Van Order v. Van Order case it does not appear that there was any proof of adultery or that the divorce action could have been maintained; that it was inferable that the agreement was for separation, there being a provision that the wife should release her dower, and, I may add, there is in this case the further stipulation from which to infer the parties intended living separately in the future, viz., that the plaintiff was to pay a quarterly sum for her support as long as she lived.
It may be further noticed that the case of Adams v. Adams was taken to the court of appeals and there affirmed (91 N. Y., 381), upon the distinct and express ground that the agreement between the parties was to bring them to living together, and was therefore in fine with public policy rather than an agreement to live separately, which is opposed to public policy. My conclusion upon this question is that the court should not enforce the agreement.
The other question is as to the validity of the release of the plaintiff’s inchoate right of dower, which was the consideration for the agreement. The complaint does not allege to *533 whom, the release ran or who the releasee was, or in what relation, if any, he stood to the real estate released of her right of dower, nor whether it was sought to be accomplished' by joining in any deed with her husband or his trustee, nor whether it was acknowledged by her.
The allegation in the complaint in respect to the release is simply this, that the plaintiff executed and delivered to said Dobie a deed releasing her dower in all defendant’s real estate. It does not set out the instrument of release, nor even allege that she executed a deed of release in due form of law, or that it is valid or operative as a release. If any inference is or can be drawn from the allegation it must be that she released to the defendant Dobie. But Dobie is not alleged to have any relation to the real estate or to the defendant Armstrong. The only relation Dobie sustains to either party is that he is alleged to be the trustee of the plaintiff, not generally, but simply in respect to receiving the sums to be paid by defendant Armstrong to the plaintiff. It is very familiar law that the wife cannot effectually release her inchoate right of dower to a stranger. A release to one not in possession of or having a vested right in the premises is void.
The fact that the instrument runs to the children of the husband does not affect a release of her right of dower. The release of her right of dower to her husband, which was the object and purpose of this agreement, would not be valid. This is so notwithstanding the release is contained in a valid deed of separation made with a trustee in behalf of the wife and upon a pecuniary consideration. Nor would it be a valid release if executed upon a good consideration, moving from the husband or his estate, though it ran to the husband or his children, and was supplemented with her covenant to execute any further conveyance that should bar her dower. James v. Fleming, 38 Hun, 227, and the numerous cases there cited.
The only way a married woman can be effectually barred of her right of dower is by uniting in a deed with her husband, properly acknowledged. 1 R. S., 720, § 167; Elmendorf v. Lockwood, 57 N. Y., 322. In a case somewhat like this (except that the husband and wife were living separate when the agreement was made), and where it was sought to have the wife release her dower, the wife joined in a deed, with her husband, to a trustee, who was to hold the same in trust for the husband, and to convey as he might direct. Mame v. Yale, 38 Hun, 27.
The demurrer should be sustained and the defendant have judgment, unless plaintiff amends and pays thirty-six dollars costs within twenty days after service of a copy of the order to be entered herein.